**Raymond RICHARDS,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 85–5091.

United States Court of Appeals,
Eleventh Circuit.

Feb. 17, 1988.

Theodore J. Sakowitz, Federal Public Defender, David Lee Brannon, Asst. Federal Public Defender, Miami, Fla., for petitioner-appellant.

Leon B. Kellner, U.S. Atty., Robert Bondi, Nancy Worthington, David O. Leiwant, Linda Collins Hertz, Asst. U.S. Attys., Miami, Fla., for respondent-appellee.

Before RONEY, Chief Judge,
KRAVITCH, Circuit Judge, and
HENDERSON, Senior Circuit Judge.

PER CURIAM:

Raymond Richards was convicted of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). His conviction was affirmed on appeal. *United States v. Richards*, 638 F.2d 765 (5th Cir.)

*cert. denied,* 454 U.S. 1097, 102 S.Ct. 669, 70 L.Ed.2d 638 (1981).[1] Richards then filed a motion for collateral relief under 28 U.S.C. § 2255 on the ground that the heroin was seized by agents of the Drug Enforcement Administration (DEA) from a sealed mailed package without legal authority. The district court denied relief. We affirm.

On March 2, 1978, a sealed parcel addressed to Mehling Arts & Crafts at a Miami Springs, Florida post office box arrived at the Foreign Mail Center in New York City. Suspicious Customs officers opened the parcel and discovered cigarette packages. Tests revealed the presence of heroin inside the packages. The Customs officers reassembled and resealed the parcel for controlled delivery to the Miami Springs post office box. The Miami Springs post office put a notice of arrival in the box, and DEA agents waited for someone to request the parcel. Eventually Richards claimed the parcel and was arrested after accepting delivery. While Richards was being booked at a police station, the DEA agents opened the sealed parcel without a warrant outside Richards' presence. Chemical analysis disclosed the presence of 27.4 grams of 93% heroin hydrochloride, or enough for 12,000 street level doses.

Richards has never challenged the legality of the search of the parcel in New York. Rather, he argues that DEA had no authority to make a warrantless "border search" of the package in Miami Springs. Conceding that Customs officers have authority to make warrantless searches of incoming international mail, *see United States v. Ramsey,* 431 U.S. 606, 611–16, 97 S.Ct. 1972, 1976–78, 52 L.Ed.2d 617 (1977); 19 U.S.C. § 482; 19 C.F.R. § 145.2 (1987), Richards contends that no statute gives DEA agents such power.

■ We conclude that Richards may not make this statutory argument in his § 2255 motion. Although Richards could have made this argument on direct appeal from his conviction, failure to raise a nonconsti-

tutional ground on direct appeal generally precludes consideration of that argument in a § 2255 motion. Relief under 28 U.S.C. § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept.1981). Richards' argument that DEA agents have no authority under statute or regulation to conduct warrantless border searches does not fit this description.

■ Moreover, to the extent that Richards' claim is a constitutional one, it has no merit. The panel that affirmed Richards' conviction concluded that the opening of Richards' parcel in Miami comported with the fourth amendment under an "extended border search" theory. *See United States v. Richards,* 638 F.2d at 770–73. More recent case law has further demonstrated the soundness of Judge Gee's concurring opinion, *id.* at 774, that the legal warrantless border search of the parcel by Customs Agents in New York City obviated the need for a search warrant after the controlled delivery to Miami. In *Illinois v. Andreas,* 463 U.S. 765, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983), the Supreme Court held that the warrantless reopening of a sealed package after a legal warrantless border search followed by a controlled delivery was not a "search" at all within the meaning of the fourth amendment. *Id.* at 772. The *Andreas* Court explained that the recipient's expectation of privacy in the contents of a container diminishes once law enforcement authorities lawfully open the container and discover illicit drugs therein. *Id.* at 771. Moreover, "[r]esealing the container to enable the police to make a controlled delivery does not operate to revive or restore the lawfully invaded privacy right." *Id.* Finally, as in *Andreas,* in this case there was no "significant likelihood" that the contents of the container were

**1.** The Eleventh Circuit, in the in banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

changed during any gap in surveillance. *Id.* at 773.

Accordingly, the order of the district court denying Richards' motion for relief under 28 U.S.C. § 2255 is

AFFIRMED.