UNITED STATES of America,
Plaintiff–Appellee,

v.

Hector QUINTERO,
Defendant–Appellant.

No. 87–5873

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

Louis Casuso, Miami, Fla., for defendant-appellant.

Dexter W. Lehtinen, U.S. Atty., Bruce L. Udolf, David O. Leiwant, Linda Collins Hertz, Julia A. Paylor, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before HILL, FAY and VANCE, Circuit Judges.

PER CURIAM:

Appellant Hector Quintero was convicted for conspiracy to possess at least five kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 846 and possession of at least five kilograms of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On appeal Quintero claims that (1) the district court erred in denying his motion to suppress physical evidence because the evidence was obtained through an illegal search and (2) that the evidence was not sufficient to support his convictions. We affirm.

I.

United States customs officials discovered seven unmarked boxes containing cocaine intermingled with legitimate cargo in a cargo container during a routine border search at the Port of Miami. The officials made a controlled delivery of the container to a Miami warehouse on June 16, 1987. Late that afternoon, Quintero arrived at the warehouse driving a white van. Surveillance agents observed Quintero and his co-defendant loading the seven boxes into the van.

After the boxes were loaded, the agents followed Quintero to a parking lot located behind a local health spa. The agents noted that Quintero drove the van very slowly and frequently checked his rear view and side view mirrors. Surveillance agents tes-

tified that after Quintero parked the van at the spa he proceeded to wander around the parking lot and in and out of the building, as if he were looking for someone. Quintero eventually approached a locksmith who agreed to take Quintero to a pay phone after he completed a job at the spa. The locksmith subsequently drove Quintero to a phone booth and the surveillance agents arrested him after he placed a phone call.

The van, under surveillance at the spa parking lot, was searched without a search warrant. The seven boxes contained 415.5 kilograms of 93% pure cocaine.

## II.

■ Quintero challenges the admission of the contents of the seven sealed boxes found in the van into evidence. He contends that in violation of the fourth amendment the authorities conducted a warrantless search of the boxes and that no exception to the warrant requirement applies to this case.

The Supreme Court held in *Illinois v. Andreas*, 463 U.S. 765, 772, 103 S.Ct. 3319, 3324, 77 L.Ed.2d 1003 (1983), that the warrantless reopening of a sealed container in which contraband was discovered during an earlier legal warrantless border search was not "a 'search' within the intendment of the Fourth Amendment." *See also Richards v. United States*, 837 F.2d 965, 966 (11th Cir.1988). The Court reasoned that "[n]o protected privacy interest remains in contraband in a container once government officers lawfully have opened that container and identified its contents as illegal." *Andreas*, 463 U.S. at 771, 103 S.Ct. at 3324. In the absence of a "substantial likelihood" that the contents have been changed while

out of the sight of the surveillance officer, an individual's expectation of privacy is not restored or revived. *Id.* at 771, 773, 103 S.Ct. at 3324, 3325.

In this case the seven boxes were under constant surveillance after discovery of the cocaine so there was no substantial likelihood that the contents were changed. We therefore affirm the district court's order denying Quintero's motion to suppress physical evidence.[1]

## III.

Quintero also contends that the evidence was insufficient to support his conviction. He points out that "knowledge or knowing participation" is a required element of both the conspiracy and possession charges and maintains that the government failed to present evidence of this element to support the jury's finding of guilt.

The standard for measuring the sufficiency of the evidence was set forth in *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (in banc), *aff'd on other grounds*, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983), where we stated: "It is not necessary that the evidence exclude every reasonable hypothesis of innocence ... A jury is free to choose among reasonable constructions of the evidence." In reviewing this claim we must view the evidence in the light most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), and draw reasonable inferences and issues of creditability in favor of the trier of fact. *See United States v. Jackson*, 761 F.2d 1541, 1544 (11th Cir.1985); *United States v. Sanchez*, 722 F.2d 1501, 1505

---

1. Quintero argues that the district court misapplied the Supreme Court's decision in *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) in denying the motion to suppress evidence. In *Ross* the Supreme Court held that if the police have probable cause to believe that a vehicle is carrying contraband, the police may stop the vehicle and search the entire vehicle and open any containers found in the vehicle. Quintero maintains that the Court distinguished the situation in *Ross*, where police simply have probable cause to believe that contraband is located in the automobile, from cases where police have probable cause to believe that contraband is located in a specific container in the automobile. *See Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979); *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977). Although we believe that this distinction may not be drawn from the *Ross* decision, we rely on the Court's decision in *Illinois v. Andreas*, 463 U.S. 765, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983), where the issue presented in this case was squarely before the Court.

(11th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2396, 81 L.Ed.2d 353 (1984).

We find sufficient evidence to support the jury's inference and finding beyond a reasonable doubt Quintero's guilt. Quintero testified that he agreed to help a friend pick up some cleaning supplies at the warehouse and deliver them to the health spa. Although testifying that the friend followed the van to the warehouse, a customs agent, on rebuttal, testified that no car was near the van as it approached the warehouse. The spa was located only a short distance from the warehouse, but Quintero proceeded very slowly and was observed constantly checking his rear view mirrors. At the spa, Quintero was observed walking around the parking lot and in and out of the building. After a period of time Quintero obtained a ride from the locksmith, a complete stranger, to a pay phone to call a taxi, despite the fact that there was a phone at the spa. As the government argues a jury could reasonably infer from this evidence that Quintero knew he was transporting cocaine and after spotting surveillance abandoned the van. We note that Quintero was in sole possession of a large quantity of cocaine contained in the boxes. As we stated in *United States v. Cruz–Valdez,* 773 F.2d 1541, 1547 (11th Cir.1985), *cert. denied,* 475 U.S. 1049, 106 S.Ct. 1272, 89 L.Ed.2d 580 (1986), "we think it reasonable for a jury to conclude that in the course of transporting or distributing millions of dollars worth of readily marketable [contraband drugs], through channels that wholly lack the ordinary protections of organized society, a prudent smuggler is not likely to suffer the presence of unaffiliated bystanders." We therefore reject Quintero's sufficiency claim.

Accordingly, the district court's order convicting Quintero on the conspiracy and possession counts is

AFFIRMED.