[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12963
Non-Argument Calendar
_____

D.C. Docket No. 3:17-cr-00173-BJD-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY GREER,
a.k.a. Gregory Green,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2020)

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before WILLIAM PRYOR, JORDAN, and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal returns to us on remand from the Supreme Court to reconsider Gregory Greer's conviction for possessing a firearm as a felon. 18 U.S.C. § 922(g)(1). After we affirmed Greer's conviction, *United States v. Greer*, 753 F. App'x 886 (11th Cir. 2019), the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), granted Greer's petition for a writ of certiorari, vacated our judgment, and remanded for reconsideration in the light of *Rehaif*. At our direction, the parties filed supplemental letter briefs addressing the effect of *Rehaif* on Greer's conviction. Greer requests that we vacate his conviction or, in the alternative, grant him a new trial because *Rehaif* made plain that errors occurred when his indictment failed to allege, his jury was not instructed to find, and the government was not required to prove that he knew he was a felon when he possessed the firearm. The government argues that we "may consult the whole record when considering the effect of any error on substantial rights," *United States v. Vonn*, 535 U.S. 55, 59 (2002), and the record establishes that Greer knew he was a felon. Because Greer cannot establish the errors affected his substantial rights, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016), we affirm his conviction.

## I. BACKGROUND

Greer stipulated before trial that, when he allegedly possessed a firearm, he already had been "convicted in a court of a crime punishable by imprisonment for

a term of more than one year, that is, a felony offense" and he had "not received a pardon, [had] not applied for clemency, and [had] not been authorized to own, possess, or use firearms." During trial, the district court admitted the stipulation into evidence and read it to the jury. The trial court also redacted from Greer's indictment the description of his five prior felonies before sending the indictment into the jury room.

The government introduced evidence that Greer concealed his firearm. While Greer talked to officers of the Jacksonville Sheriff's Office outside a hotel room, he touched the right side of his waistband repeatedly. As soon as the officers stated they were going to pat him down for weapons, Greer sprinted down the hotel hallway, clutching his right side. Two officers who followed Greer into the stairwell heard the dull sound of a heavy object fall to the ground as they chased him down the steps. A third officer then observed a Colt .45 caliber pistol lying askew on the landing, grabbed the weapon, and rejoined the chase. When the officers captured Greer, he had an empty nylon holster clipped inside the right side of his waistband that fit the .45 caliber pistol recovered from the landing.

The district court instructed the jury that it could find Greer guilty "only if the . . . [government] proved beyond a reasonable doubt" that he "knowingly possessed a firearm in or affecting interstate or foreign commerce" and, "before possessing the firearm, [he] had been convicted of a felony, a crime punishable by

3

imprisonment for more than one year." The district court also instructed the jury regarding actual and constructive possession. The jury found Greer guilty of being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924(a)(2).

Greer's presentence investigation report described his five prior felony convictions and assigned him a base offense level of 24 based on two convictions in 2001 and 2004 for controlled substance offenses. *See* United States Sentencing Guidelines Manual § 2K2.1(a)(2) (Nov. 2016). Greer did not object to the statements that he had served three years in prison following the revocation of his supervised release for possessing with intent to distribute cocaine and that he had served 20 months in prison for distributing Phencyclidine (PCP).

## II. STANDARD OF REVIEW

We review for plain error Greer's new arguments regarding the sufficiency of his indictment, of the evidence, and of the jury instructions. *See United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019).

## III. DISCUSSION

Greer must surmount the "daunting obstacle" of the plain error test to obtain a vacatur of his conviction based on *Rehaif. See id.* at 1021. He must prove that an error occurred that was plain. *See id.* He also must prove that the error affected his substantial rights by "show[ing] a reasonable probability that, but for the error," the outcome of his proceeding would have been different. *United States v.*

4

*Dominguez Benitez*, 542 U.S. 74, 76, 82 (2004). "And because relief on plain-error review is in the discretion of the reviewing court, [Greer] has the further burden to persuade [us] that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *Vonn*, 535 U.S. at 63 (alteration adopted) (citation and internal quotation marks omitted).

We assess the probability that Greer's trial would have ended differently based on the entire record. *See Reed*, 941 F.3d at 1021. "It is simply not possible for an appellate court to assess the seriousness of [a] claimed error by any other means" because "each case necessarily turns on its own facts." *United States v. Young*, 470 U.S. 1, 16 (1985) (internal quotation marks omitted). The totality of circumstances warrant consideration because, "[i]n reviewing criminal cases, it is particularly important for appellate courts to relive the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure." *Id.* (quoting *Johnson v. United States*, 318 U.S. 189, 202 (1943) (Frankfurter, J., concurring)). "So we consider proceedings that both precede and postdate the errors about which [Greer] complains." *Reed*, 941 F.3d at 1021.

Greer has established errors made plain by *Rehaif*. In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from

5

possessing a firearm." 139 S. Ct. at 2200. The government concedes that plain error occurred when the district court failed to instruct the jury to find that Greer knew he was a felon. And, as Greer argues, *Rehaif* made plain that error occurred when his indictment failed to allege that he knew he was a felon and when the government was not required to prove that Greer knew of his prohibited status. *See Reed*, 941 F.3d at 1021.

Greer cannot prove the errors in his indictment and at his trial affected his substantial rights. *See Molina-Martinez*, 136 S. Ct. at 1343; *Dominguez Benitez*, 542 U.S. at 82. "Mens rea elements such as knowledge or intent may be proven by circumstantial evidence," *United States v. Clay*, 832 F.3d 1259, 1309 (11th Cir. 2016), and the jury could have inferred from Greer's fidgeting, his flight from the police, and his disposal of the pistol that he knew he was a felon barred from possessing firearms. *See United States v. Blakey*, 960 F.2d 996, 1000 (11th Cir. 1992) ("Evidence of flight is admissible to demonstrate consciousness of guilt and thereby guilt."); *United States v. Quintero*, 848 F.2d 154, 156 (11th Cir. 1988) (inferring knowledge from watchful conduct and abandonment of drugs). And before Greer possessed the pistol, he accrued five felony convictions and, according to the undisputed facts in his presentence investigation report, served separate sentences of 36 months and of 20 months in prison. *See United States v. Corbett*, 921 F.3d 1032, 1042 (11th Cir. 2019) (failing to "'specifically and clearly

object to' . . . any of the probation officer's factual findings . . . 'is deemed . . . [an] admi[ssion] [of] them'"). Because the record establishes that Greer knew of his status as a felon, he cannot prove that he was prejudiced by the errors or that they affected the fairness, integrity, or public reputation of his trial.

## IV. CONCLUSION

We **AFFIRM** Greer's conviction.