[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14556
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00073-CEM-DCI-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

COURTNEY RASHON JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2020)

Before WILLIAM PRYOR, JORDAN and NEWSOM, Circuit Judges.

PER CURIAM:

Courtney Johnson appeals his conviction for being a felon in possession of a firearm. 18 U.S.C. §§ 922(g)(1), 924(e). After Johnson's attorney filed a motion to withdraw and brief based on *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which abrogated our precedent holding that the government did not have to prove a defendant's knowledge of his status as a felon. *See United States v. Reed*, 941 F.3d 1018, 1021 (11th Cir. 2019). At our direction, Johnson's attorney then filed a merits brief and now challenges Johnson's conviction on the ground that *Rehaif* made plain that the government was required to prove—and the jury should have been so instructed—that Johnson knew he was a felon when he possessed the firearm. Because Johnson cannot establish that any errors affected his substantial rights, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016), we affirm his conviction.

## I. BACKGROUND

A grand jury indicted Johnson for possessing a firearm and ammunition after "having been previously convicted" of possessing with intent to sell or deliver and of delivering cocaine in July 1999 and of committing those same offenses in September 2003. Johnson stipulated before trial that, when he allegedly possessed

2

a firearm and ammunition, he "previously had been convicted of a felony offense, that is, a crime punishable by imprisonment for a term in excess of one year," and he never "had his civil rights, including the right to keep and bear firearms and ammunition, restored . . . ." During trial, the district court redacted from Johnson's indictment the description of his four prior felonies before sending the indictment into the jury room.

The government introduced evidence that Johnson abandoned a loaded firearm. While on patrol, officers of the Orlando Police Department heard gunshots and saw a man, later identified as Johnson, sprint across the street. As the officers chased Johnson, they saw him run behind a vehicle where a revolver and cellular telephone were then flung into the air. A crime scene investigator discovered four cartridges and two cartridge casings chambered in the revolver. After officers arrested Johnson, he refused during an interview to discuss how he had obtained the firearm. The interviewing officer testified that he interpreted Johnson's body language, "shaking his head," and nonresponsive answer to an inquiry about when he abandoned the revolver as communicating that "he didn't want to talk about where he got the gun from" and as "acknowledg[ing] that he knows he had a gun."

After the government rested its case, Johnson moved for a judgment of acquittal. Johnson argued that the government failed "to present sufficient proof of each and every element . . . from which a rational juror could conclude beyond a

3

reasonable doubt that he was guilty." The district court denied Johnson's motion, and then he rested his case without presenting any evidence.

The district court instructed the jury that Johnson's stipulation about having a prior felony conviction was a fact that had "been proved beyond a reasonable doubt." The district court also instructed the jury that the government bore the burden of "prov[ing] beyond a reasonable doubt" that Johnson "knowingly possessed a firearm in or affecting interstate or foreign commerce" and that, "before possessing the firearm, [he] had been convicted of a felony, a crime punishable by imprisonment for more than one year." The jury found Johnson guilty of being a felon in possession of a firearm and ammunition. 18 U.S.C. §§ 922(g)(1), 924(e).

After trial, Johnson renewed his motion for a judgment of acquittal. He argued there was insufficient evidence to support the jury's findings that he had possessed a firearm or that the revolver entered into evidence was the same firearm collected near the vehicle. The district court denied Johnson's motion.

Johnson's presentence investigation report classified him as an armed career criminal and assigned him 12 criminal history points for five felony convictions. Johnson did not object to the statements that Florida courts had sentenced him to 48-month terms of imprisonment in 1999 for possessing with intent to sell or deliver cocaine and for delivering cocaine within 1,000 feet of a place of worship;

4

to 21-month terms of imprisonment in 2003 for possessing with intent to sell or deliver cocaine and for delivering cocaine; and to 50 months of imprisonment in 2008 for possessing cocaine and drug paraphernalia. *See United States v. Corbett*, 921 F.3d 1032, 1042 (11th Cir. 2019) (failing to "'specifically and clearly object to' . . . any of the probation officer's factual findings . . . 'is deemed . . . [an] admi[ssion] [of] them'"). The district court adopted the factual findings and calculations in the report and sentenced Johnson to 204 months of imprisonment.

## II. STANDARD OF REVIEW

Johnson argues, for the first time, that he was entitled to an acquittal because the government failed to prove that he knew he was a felon, so "our review of the . . . decision to deny [his] motion for judgment of acquittal . . . is only for plain error." *United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir. 1999) (internal quotation marks omitted). We also review for plain error Johnson's challenge to the jury instructions. *See Reed*, 941 F.3d at 1020.

## III. DISCUSSION

The Supreme Court clarified in *Rehaif* that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. As a result, *Rehaif* abrogated *United States v. Jackson*, 120 F.3d 1226, 1229 (11th

Cir. 1997), which held that a defendant does not have to know of his status as a felon to prove that he knowingly possessed a firearm after a felony conviction. Because Johnson is on direct appeal, *Rehaif* applies to his conviction. *See Reed*, 941 F.3d at 1021.

Johnson must surmount the "daunting obstacle" of the plain error test to disturb his conviction. *See id.* Not only must Johnson prove that an error occurred that was plain. *See id.* He also must prove that the error affected his substantial rights by "show[ing] a reasonable probability that, but for the error," the outcome of his proceeding would have been different. *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 82 (2004). "And because relief on plain-error review is in the discretion of the reviewing court, [Johnson] has the further burden to persuade [us] that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Vonn*, 535 U.S. 55, 63 (2002) (alteration adopted) (citation and internal quotation marks omitted).

We assess the probability that Johnson's trial would have ended differently based on the entire record. *See Reed*, 941 F.3d at 1021. "It is simply not possible for an appellate court to assess the seriousness of [a] claimed error by any other means" because "each case necessarily turns on its own facts." *United States v. Young*, 470 U.S. 1, 16 (1985) (internal quotation marks omitted). The totality of circumstances warrant consideration because, "in reviewing criminal cases, it is

particularly important for appellate courts to relive the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure." *Id.* "So we consider proceedings that both precede and postdate the errors about which [Johnson] complains." *Reed*, 941 F.3d at 1021.

Johnson has established errors made plain by *Rehaif*. *Rehaif* made clear that a defendant's knowledge of his status as a felon is an element of the crime of being a felon in possession of a firearm and ammunition. 139 S. Ct. at 2200; *see Reed*, 941 F.3d at 1021. Plain error occurred when the government was not required to prove and when the district court failed to instruct the jury to find that Johnson knew of his prohibited status. *See Reed*, 941 F.3d at 1021.

Nevertheless, Johnson cannot prove the errors at his trial affected his substantial rights. *See Molina-Martinez*, 136 S. Ct. at 1343. "Mens rea elements such as knowledge or intent may be proven by circumstantial evidence," *United States v. Clay*, 832 F.3d 1259, 1309 (11th Cir. 2016), and the jury could infer from Johnson's flight, disposal of the loaded revolver, and evasiveness during his interview that he knew he was a felon barred from possessing firearms. *See United States v. Blakey*, 960 F.2d 996, 1000 (11th Cir. 1992) ("Evidence of flight is admissible to demonstrate consciousness of guilt and thereby guilt."); *United States v. Quintero*, 848 F.2d 154, 156 (11th Cir. 1988) (inferring knowledge from watchful conduct and abandonment of drugs). And Johnson's indictment alleged

7

that he had four prior felony convictions, he stipulated before trial that he was a felon, and he admitted at sentencing that he had been convicted of multiple felony offenses for which he served lengthy terms in prison before possessing the firearm. So Johnson cannot prove that he was prejudiced by the errors at trial or that they affected the fairness, integrity, or public reputation of his trial.

## IV. CONCLUSION

We **AFFIRM** Johnson's conviction.