[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10448
Non-Argument Calendar

_____

D.C. Docket No. 2:18-cr-00160-ECM-GMB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE EDWARD BLACKSHIRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 13, 2020)

Before WILSON, WILLIAM PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Willie Blackshire appeals his conviction and 96-month sentence for possession of a firearm by a convicted felon.  First, Blackshire argues that his guilty plea—which occurred prior to *Rehaif v. United States*, 588 U.S. __, 139 S. Ct. 2191 (2019)—could not have been voluntary and knowing because he pled guilty without having been informed that under 18 U.S.C. § 922(g), the government had to prove that he knew he was not allowed to possess a firearm at the time of the possession.  Second, he claims that the district court erred by relying on facts not in evidence when it applied the four-level U.S.S.G. § 2K2.l(b)(6)(B) enhancement for possessing a shotgun "in connection with" drug trafficking.  Third, Blackshire asserts that the district court erred by not reducing his offense level for acceptance of responsibility even though he pled guilty. Finally, he argues that his 96-month sentence was substantively unreasonable because it was longer than necessary to achieve the goals of sentencing.  After careful review of the parties' briefs and the record, we affirm.

## I.

We review new challenges to an indictment for plain error.  *United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019).  The defendant must prove that an error occurred that was both plain and that affected his substantial rights.  *Id.* at 1021.  If he does so, we may correct the plain error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.*  We may

2

consult the whole record when considering the effect of any error on the defendant's substantial rights, and Federal Rule of Criminal Procedure 52(b) "authorizes the Courts of Appeals to correct only particularly egregious errors." *Id.*; *United States v. Moriarty*, 429 F.3d 1012, 1020 n.4 (11th Cir. 2003) (per curiam).

"Because [the defendant] is on direct appeal, *Rehaif* applies to his conviction." *Reed*, 941 F.3d at 1021; *see Griffith v. Kentucky*, 479 U.S. 314, 328 (1987) (holding that a new rule regarding criminal prosecutions is retroactively applicable to all cases pending on direct appeal). The Supreme Court clarified in *Rehaif* that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Reed*, 941 F.3d at 1020 (citing *Rehaif*, 139 S. Ct. at 2200).

We recently addressed *Rehaif* in *Reed*. In *Reed*, despite establishing an error that *Rehaif* made plain, the defendant could not "show a reasonable probability that, but for the error[s], the outcome of [his trial] would have been different." *Id.* We explained that when Reed possessed the firearm, he had been convicted of eight felony convictions in a Florida court, and a jury could have inferred that he knew he was a felon from his stipulation that he was a felon and from his testimony that he knew he was not supposed to have a gun. *Id.* at 1021–22.

3

"Because the record establishe[d] that Reed knew he was a felon, he [could not] prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial." *Id.* at 1022.

So too here, even if we assume that plain error occurred under *Rehaif*,[1] Blackshire cannot "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *See Molina-Martinez v. United States*, 578 U.S. __, 136 S. Ct. 1338, 1343 (2016) (internal quotation mark omitted). He admitted during the plea colloquy that he had been convicted of a crime for which he could have served more than one year in custody and that he possessed a shotgun. He constructively possessed a handgun and admitted that he knew he was prohibited from owning a handgun. And further, he never argues he would have pled differently but-for the error. Because the record indisputably establishes that Blackshire knew he was a felon and that he possessed a firearm, he cannot prove that the error affected his substantial rights or the fairness, integrity, or public reputation of the judicial system.

II.

---

[1] The government concedes that "because the district court did not inform Blackshire that the government needed to prove that he knew he was a felon in order to convict him of the charged offense, error occurred [under Federal Rule of Criminal Procedure 11] and that error was plain."

In challenges to sentencing decisions, we review a district court's determinations of law de novo and its findings of fact for clear error. *United States v. Bishop*, 940 F.3d 1242, 1250 (11th Cir. 2019). "A district court's determination that a defendant possessed a gun 'in connection with' another felony offense is a finding of fact that we review for clear error." *Id.* Because clear error review is deferential, we will not disturb the district court's finding unless we have a definite and firm conviction that a mistake was made. *United States v. Gordillo*, 920 F.3d 1292, 1297 (11th Cir. 2019).

The government bears the burden of proving the applicability of guideline provisions that enhance a defendant's offense level. *United States v. Cataldo*, 171 F.3d 1316, 1321 (11th Cir. 1999). Where the defendant challenges the factual basis for his sentence, the government must prove the disputed fact by a preponderance of the evidence with "reliable and specific evidence." *Id.* Challenges to the facts contained in the PSI must be asserted with specificity and clarity, and admitted facts in the PSI and PSI addendum may be considered at sentencing. *See United States v. Bennett*, 472 F.3d 825, 833 (11th Cir. 2006) (per curiam) (deeming unobjected-to facts in the PSI and PSI addendum as admitted and considering them when reviewing the defendant's sentence).

Under § 2K2.1(b)(6)(B), a court should add four levels to a defendant's base offense level if he "used or possessed any firearm or ammunition in connection

5

with another felony offense." *Bishop*, 940 F.3d at 1250 (quoting § 2K2.1(b)(6)(B)). "Another felony offense" includes crimes that are punishable by imprisonment for a term exceeding one year under federal, state, or local law, "regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* (quoting § 2K2.1(b)(6)(B) comment. n.14(C)). The Application Notes state that a firearm is "in connection with" another felony offense if "the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* (quoting § 2K2.1(b)(6)(B) comment. n.14(A)).[2] Of relevance here, Application Note 14(B) states that the enhancement automatically applies "in the case of a drug trafficking offense in which [a] firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* (quoting § 2K2.1(b)(6)(B) comment. n.14(B)). Application Note 14(B) explains that the "presence of the firearm has the potential of facilitating another felony offense" in drug trafficking cases. *Id.*

The district court did not clearly err in applying the four-level § 2K2.1(b)(6)(B) enhancement based on its finding that Blackshire was involved in drug trafficking because his laundry room contained three scales, cocaine, firearms and ammunition, and three bottles of mannitol, which the PSI addendum noted was

---

[2] "Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." *Bishop*, 940 F.3d at 1250 n.5.

6

a cutting agent for cocaine.  Although Blackshire claimed he did not know what mannitol was and that there had been no evidence presented about it, he has never disputed that mannitol is a cutting agent or the accuracy of the PSI addendum. Indeed, both this court and the Supreme Court have noted that mannitol is used to dilute cocaine.  *See, e.g.*, *Posters 'N' Things v. United States*, 511 U.S. 513, 515 (1994) (noting law enforcement had seized "drug diluents including mannitol"); *United States v. Yeary*, 740 F.3d 569, 574 (11th Cir. 2014) (describing mannitol as a substance used to dilute cocaine).  Not only did Blackshire fail to contest the factual accuracy of mannitol's use or that mannitol was found during the search of his home—he later admitted during allocution that he used mannitol to make cocaine last longer.  And regardless, any error was harmless beyond a reasonable doubt because there was other evidence indicating he was involved in drug trafficking, including the digital scales, baggies, and cocaine in close proximity to the shotgun and ammunition.

### III.

We review the district court's determination regarding a reduction for acceptance of responsibility for clear error.  *United States v. Tejas*, 868 F.3d 1242, 1247 (11th Cir. 2017) (per curiam).  Because the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility, the determination of the sentencing judge is "entitled to great deference on review."  U.S.S.G.

7

§ 3E1.1, comment. (n.5).  The district court's decision on acceptance of responsibility will not be overturned unless the facts in the record clearly establish that the defendant actually accepted personal responsibility.  *United States v. Sawyer*, 180 F.3d 1319, 1323 (11th Cir. 1999).  The defendant bears the burden of proving he clearly accepted responsibility.  *Id.*  The starting point for measuring acceptance of responsibility is the commencement of federal charges.  *United States v. Wade*, 458 F.3d 1273, 1281 (11th Cir. 2006).

A defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility."  § 3E1.1(a).  "A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right."  *Id.*, comment. (n.3).  The entry of a guilty plea combined with a truthful admission of the conduct comprising the offense charged constitutes significant evidence of acceptance of responsibility.  *Id.*  However, those acts may be outweighed by conduct that is inconsistent with acceptance of responsibility.  *Id.*  While a defendant may remain silent with respect to relevant conduct beyond the offense of conviction, a defendant who falsely denies relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.  *Tejas*, 868 F.3d at 1248 (citing § 3E1.1, comment. (n.1)).

The district court did not clearly err in refusing to reduce Blackshire's offense level for acceptance of responsibility.  First, Blackshire violated state law

8

while on bond within 48 hours of being indicted on federal charges, and as the district court explained, this demonstrated a disrespect for the law and a disregard for the court's orders.  And second, Blackshire did not merely remain silent regarding conduct outside the scope of his offense of conviction; he affirmatively and falsely denied relevant conduct—namely, his constructive possession of a handgun.  Both were inconsistent with an acceptance of responsibility.

## IV.

When reviewing a sentence for reasonableness, we apply a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  After considering procedural reasonableness, we consider the substantive reasonableness of a sentence in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors.  *Id.* at 51.  A district court abuses its discretion by: (1) failing to consider relevant factors that were due significant weight; (2) giving significant weight to an improper or irrelevant factor; or (3) committing a clear error of judgment by balancing proper factors unreasonably.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  We may vacate the sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" to arrive at an unreasonable sentence in light of the facts of the case.  *Id*. at 1190 (internal quotation mark omitted).  The district court must issue a sentence "sufficient, but

9

not greater than necessary" to comply with the purposes of § 3553(a)(2). § 3553(a).

We ordinarily expect a guideline-range sentence to be reasonable, and the defendant bears the burden of showing otherwise. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). We defer to the district court's judgment regarding the weight given to each § 3553(a) factor, unless the district court has made "a clear error of judgment" under the facts of a particular case. *Id.* The district court need not state explicitly on the record that it considered each of the § 3553(a) factors, but it should set forth enough to satisfy the appellate court that it has a reasoned basis for exercising its decision-making authority. *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008).

The district court considered the § 3553(a) factors and discussed its reasons for imposing Blackshire's sentence, at length, with the parties. It noted that Blackshire engaged in criminal activity involving drugs and firearms, had a lengthy criminal history, and demonstrated a disrespect for the law and disregard for the safety of the community. Blackshire thus has not met his burden of showing that his guideline-range sentence is not reasonable, especially given that his 96-month sentence was on the low end of the guideline range. *See Gonzalez*, 550 F.3d at 1324.

**AFFIRMED.**

10