[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10822
Non-Argument Calendar

_____

D.C. Docket No. 3:18-cr-00030-HLA-PDB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SEAN JUSTIN OWENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 7, 2020)

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Sean Owens appeals his conviction and 180-month sentence for possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). He raises five issues, all for the first time on appeal. *First*, he argues that, in light of the Supreme Court's decision in *Rehaif v. United States*, the Government did not prove an essential element of his crime—that he knew he was a convicted felon when he possessed the firearm. *Second*, he argues that § 922(g)(1) is unconstitutional. *Third*, he asserts that his prior convictions under Fla. Stat. § 893.13 do not qualify as "serious drug offenses" under the Armed Career Criminal Act (ACCA) or "controlled substance offenses" under the Sentencing Guidelines. *Fourth*, he argues that the district court erred in relying on non-elemental facts in sentencing him pursuant to ACCA. *Fifth*, he argues that his sentence violates the Fifth and Sixth Amendments. Because his arguments are foreclosed by binding precedent in this Circuit, we affirm his conviction and sentence.

## I.

First, we consider Owens's challenge to his indictment and the sufficiency of the evidence in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In this enumeration of error, Owens argues that an essential element of his crime— knowledge of his status as a convicted felon—was improperly omitted from his indictment and from the jury instructions. He also argues that, because the

Government presented no evidence concerning this element, the evidence was insufficient to sustain his conviction.

Ordinarily, we review de novo whether there is sufficient evidence to support a conviction, whether the district court misstated the law in its jury instruction, and whether an indictment is insufficient. *United States v. Baston*, 818 F.3d 651, 660 (11th Cir. 2016); *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013); *United States v. Steele*, 178 F.3d 1230, 1233 (11th Cir. 1999). Because Owens raises these challenges for the first time on appeal, however—and because we recently held in a published opinion that the failure to allege knowledge of felon status is a non-jurisdictional issue—we review for plain error. *United States v. Moore*, No. 17-14370, 2020 WL 1527975, at *7 (11th Cir. Mar. 31, 2020); *United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019).[1]

To demonstrate plain error—a standard we have described as a "daunting obstacle"—the appellant must show that an error occurred that was plain and that affected his substantial rights. *Reed*, 941 F.3d at 1020–21. For us to conclude that an error affected his substantial rights, Owens must show a reasonable probability

---

[1] Although Owens did make a sufficiency of the evidence challenge below, he "failed to raise the specific challenge to the sufficiency of the evidence that he now raises on appeal." *United States v. Baston*, 818 F.3d 651, 663 (11th Cir. 2016). At trial, he challenged the sufficiency of the evidence as it relates to the possession element of the crime—not to his knowledge of his status as a convicted felon. "When a defendant raises specific challenges to the sufficiency of the evidence in the district court, but not the specific challenge he tries to raise on appeal, we review his argument for plain error." *Id.* at 664.

that, but for the error, the outcome of the proceeding would have been different. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). "If he does so, we may, in our discretion, correct the plain error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Reed*, 941 F.3d at 1021 (alterations adopted and internal quotations marks omitted). We may consult the whole record when considering the effect of an error on a defendant's substantial rights, including undisputed facts in the presentence investigation report (PSI). *Id.* at 1021–22. "Facts contained in a PSI are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity." *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (quotation marks omitted).

It is unlawful for any person who has been convicted of "a crime punishable by imprisonment for a term exceeding one year" to possess a firearm or ammunition. 18 U.S.C. § 922(g)(1). A defendant who "knowingly" violates § 922(g) is subject to up to ten years' imprisonment. *Id.* § 924(a)(2). A statutory minimum of 15 years' imprisonment applies to "a person who violates section 922(g)" and who has three previous convictions for a "violent felony" or a "serious drug offense." *Id.* § 924(e)(1).

In *Rehaif*, the Supreme Court overturned Circuit precedent and held that a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2) requires the Government to

4

prove *both* that the defendant "knew he possessed a firearm" and that he "knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  This decision abrogated our precedent in *United States v. Jackson*, which held that a § 922(g)(1) conviction did not require the Government to prove a defendant's knowledge of his prior felony conviction.  120 F.3d 1226, 1229 (11th Cir. 1997).

Since *Rehaif*, we have had occasion to consider a § 922(g)(1) conviction in this Circuit that was obtained before the Supreme Court clarified the law.  In *United States v. Reed*, we rejected a defendant's argument that his conviction should be overturned because his "indictment failed to allege, his jury was not instructed to find, and the government was not required to prove that he knew he was a felon when he possessed the firearm."  941 F.3d at 1020.  In that case we reviewed the challenge for plain error because the defendant failed to object at trial.  Although we recognized that the identified errors were plain after *Rehaif*, we declined to overturn Reed's conviction because he could not "prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial." *Id.* at 1022.  Specifically, we held that Reed could not show that "but for the errors, the outcome of his trial would have been different" because the record, considered as a whole, established that Reed knew that he was a felon. *Id.* at 1021–22 (alterations adopted).  We noted the parties' stipulation at trial that the

5

defendant had been convicted of a felony offense in the past, his admission on cross-examination that he knew that he was not permitted to have a gun, and his failure to object to the PSI's statement that he had served at least 18 years in prison prior to his arrest for possessing a firearm. *Id.* at 1021–22.

Our decision in *Reed* controls this case and forecloses Owens's argument. Like the defendant in *Reed*, Owens failed to raise this objection at trial and must meet the plain-error standard on appeal. In conducting this analysis, we recognize that an error occurred in this case "when the government was not required to prove that [Owens] knew he was a felon." *Id.* at 1021. Nevertheless, under plain error review, Owens cannot establish that this error affected his substantial rights because he cannot show any reasonable probability that the outcome of his trial would have been different if the error had not occurred. The record—which we consider as a whole for the purpose of plain error review—leaves no doubt that Owens knew of his status as a convicted felon. Owens stipulated to the fact that he had been convicted of a crime punishable by a term of imprisonment in excess of one year. And the undisputed facts in the PSI show that Owens served more than four years in prison for a number of felony convictions. Because he served several years in prison for felony crimes, there is no reasonable argument that he was unaware of his felony status. And because the record establishes that Owens knew

that he was a felon, "he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial." *Id.* at 1022.

## II.

Next, we consider Owens's challenge to the constitutionality of 18 U.S.C. § 922(g)(1)—the statute that prohibits convicted felons from possessing firearms. In this argument, Owens contends that this law exceeds Congress's authority under the Commerce Clause and is unconstitutional both facially and as applied. Although we would normally review a constitutional challenge such as this de novo, we review this challenge for plain error because it was raised for the first time on appeal. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010).

As Owens himself acknowledges in his brief, this argument is squarely foreclosed by our precedent. We have repeatedly upheld § 922(g) as a constitutional exercise of the Commerce Clause power. *See Wright*, 607 F.3d at 715. This defeats his facial challenge.

We have also held that § 922(g) is constitutional as applied where the government proves a "minimal nexus" to interstate commerce. *Id.* This can be accomplished by demonstrating that the firearm traveled in interstate commerce. *Id.* at 715–16. In *Wright*, for example, we determined that a firearm manufactured outside of Florida but later discovered in the defendant's possession in Florida necessarily traveled in interstate commerce and satisfied the minimal-nexus

7

requirement. *Id.* at 716. Here, the Government presented testimony at trial establishing that the firearm was manufactured in Connecticut and was shipped to Florida before it was found in Owens's possession. Consequently, it traveled in interstate commerce and satisfied the minimal-nexus requirement. This defeats his as-applied challenge.

## III.

In his third enumeration of error, Owens argues that his sentence was improperly increased as a result of his previous convictions. Specifically, he argues that his drug convictions under Florida Statute § 893.13 should not qualify as "serious drug offense[s]" under ACCA or as "controlled substance offense[s]" under the Sentencing Guidelines. Although we ordinarily review these questions of law de novo, we review arguments not raised in the district court for plain error. *See United States v. Weeks*, 711 F.3d 1255, 1261 (11th Cir. 2013), *abrogated on other grounds by Descamps v. United States*, 570 U.S. 254 (2013).

The district court did not plainly err because Owens's argument is foreclosed by our precedent as well as a recent decision by the Supreme Court. In *United States v. Smith*, we explicitly held that a conviction under Fla. Stat. § 893.13(1) qualifies as a "serious drug offense" under ACCA and a "controlled substance offense" under U.S.S.G. § 4B1.2(b). 775 F.3d 1262, 1266–68 (11th Cir. 2014). The Supreme Court recently affirmed one of our decisions relying on *Smith*. *See*

8

*Shular v. United States*, 140 S. Ct. 779 (2020).  Because *Smith* controls this case, we reject Owens's argument on this point.

## IV.

Owens also argues—for the first time on appeal—that the district court improperly sentenced him under ACCA by concluding that he committed three prior offenses "on occasions different from one another."  18 U.S.C. § 924(e)(1).  He argues that because the dates of his prior offenses were not elements of the crime under Florida law, the district court could not consider them in imposing sentence under the ACCA.  We review for plain error and conclude that this argument is squarely foreclosed by our precedent.

To qualify for an enhanced sentence under ACCA, a defendant's prior convictions must have been for crimes "committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  This means that the prior convictions must have arisen from crimes that are temporally distinct.  *United States v. Longoria*, 874 F.3d 1278, 1281 (11th Cir. 2017).  To determine whether crimes were committed on different occasions, a court "is generally limited to examining the statutory definition of the offense of the prior conviction, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."  *Longoria*, 874 F.3d at 1281 (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)) (alterations adopted).

In *United States v. Longoria*, we rejected the very argument that Owens asserts here.  874 F.3d at 1281–83.  We held that as long as the district court relies on *Shepard*-approved documents, it may determine whether the offenses were committed on different occasions.  *Id.*

Here, the dates on the charging documents show that Owens's crimes of conviction were temporally distinct.  He sold cocaine on March 13, 2009; March 17, 2009; and March 20, 2009.  Accordingly, the district court did not plainly err in determining that his crimes were committed on "occasions different from one another."  18 U.S.C. § 924(e)(1).

## V.

Finally, Owens argues that his Fifth and Sixth Amendment rights were violated because the fact that his prior offenses were committed on separate occasions was not charged in the indictment or proven to the jury.  Although we review for plain error because this argument was not raised below, the standard of review is immaterial; the argument conflicts with our binding precedent.

Facts that increase mandatory minimum sentences must be submitted to a jury and proven beyond a reasonable doubt.  *Alleyne v. United States*, 570 U.S. 99, 114–16 (2013).  A "penalty provision," however, "which simply authorizes a court to increase the sentence for a recidivist," need not be alleged in the indictment or submitted to the jury.  *Almendarez-Torres*, 523 U.S. 224, 226 (1998).  We have

repeatedly held that the fact of a prior conviction need not be alleged in an indictment or proven to a jury for a sentence enhancement to apply. *See, e.g.*, *United States v. Sparks*, 806 F.3d 1323, 1350 (11th Cir. 2015). And we have "expressly rejected the notion that the ACCA's different-occasions determination, unlike the mere fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt." *Weeks*, 711 F.3d at 1259 (citing *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006)). Accordingly, the district court did not plainly err by relying on Owens's prior convictions to sentence him under the ACCA's enhanced-penalty provision.

**AFFIRMED.**