[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12699
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cr-00162-GAP-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAN REED,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2019)

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before WILLIAM PRYOR, NEWSOM and JULIE CARNES, Circuit Judges.

WILLIAM PRYOR, Circuit Judge:

This appeal on remand from the Supreme Court requires us to revisit Dan Reed's conviction for possessing a firearm as a felon. After we affirmed Reed's conviction, *United States v. Reed*, 752 F. App'x 851 (11th Cir. 2018), the Supreme Court issued its decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The Court then granted Reed's petition, vacated our judgment, and remanded his appeal for reconsideration in the light of *Rehaif*. At our direction, the parties filed supplemental letter briefs addressing the effect of *Rehaif* on Reed's conviction. Reed asks that we vacate his conviction or, in the alternative, grant him a new trial because *Rehaif* made plain that errors occurred when his indictment failed to allege, his jury was not instructed to find, and the government was not required to prove that he knew he was a felon when he possessed the firearm. The United States argues that we must "when addressing plain error . . . evaluate a case . . . by viewing such a claim against the entire record," *United States v. Young*, 470 U.S. 1, 16 (1985), and that the record establishes that Reed knew of his status as a felon. Because we conclude that Reed cannot establish the errors affected his substantial rights, *see Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016), we affirm his conviction.

## I. BACKGROUND

Before trial, Reed stipulated that, "at the time of the alleged crime, [he] previously had been convicted of a felony offense, that is, a crime punishable by

imprisonment for a term in excess of one year" and that he "never has had his civil rights restored, including the right to keep and bear firearms and ammunition . . . ." Based on Reed's stipulation, the United States redacted from Reed's indictment the information about his eight prior felony convictions in Volusia County, Florida. 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1).

During trial, Reed acknowledged that he was not allowed to have a gun and asserted an affirmative defense of justification. When asked during cross-examination if "you knew you weren't supposed to have that gun," Reed answered, "Yes, sir." Reed argued that he was entitled to arm himself while quarreling with his neighbor after having a similar encounter the night before with unknown men who battered him. *See Reed*, 752 F. App'x at 853.

After both parties rested, the district court instructed the jury that it had to find beyond a reasonable doubt that Reed "knowingly possessed" the firearm after being convicted of a felony and reminded them that the "stipulation . . . established that the Defendant had been convicted of a prior felony." The district court also instructed the jury on Reed's defense of justification. The jury found Reed guilty of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1).

Reed's presentence investigation report stated that he had been incarcerated for lengthy terms before possessing the firearm. *Reed*, 752 F. App'x at 853. Reed did not object to the statements in his report that he had served more than 18 years

3

in prison following his conviction in 1990 for unlawfully possessing with intent to sell or deliver a controlled substance. The district court also found, over Reed's objection, that he had served 30 months of imprisonment following his conviction in 1987 for unlawfully selling or delivering a controlled substance. *Id.* at 854.

## II. STANDARD OF REVIEW

We review for plain error Reed's new challenges to his indictment, *United States v. Sperrazza*, 804 F.3d 1113, 1118–19 (11th Cir. 2015), the jury instructions, *United States v. Joseph*, 709 F.3d 1082, 1093 (11th Cir. 2013), and the sufficiency of the evidence, *United States v. Baston*, 818 F.3d 651, 664 (11th Cir. 2016).

## III. DISCUSSION

The Supreme Court clarified in *Rehaif* that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. As a result, *Rehaif* abrogated *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997), which held that a defendant does not have to know of his status as a felon to prove that he knowingly possessed a firearm after a felony conviction. Because Reed is on direct appeal, *Rehaif* applies to his conviction. *See Johnson v. United States*, 520 U.S. 461, 467 (1997).

4

Our review is for plain error. *United States v. Vonn*, 535 U.S. 55, 58–59 (2002). Its test "places a daunting obstacle before [Reed]" in seeking relief from his conviction. *United States v. DiFalco*, 837 F.3d 1207, 1221 (11th Cir. 2016) (citation and internal quotation marks omitted). Reed must prove that an error occurred that was both plain and that affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 732 (1993). If he does so, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (alteration adopted) (citation and internal quotation marks omitted).

As the "reviewing court[, we] may consult the whole record when considering the effect of any error on [Reed's] substantial rights." *Vonn*, 535 U.S. at 59; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004) (observing that a court reviewing for plain error is "informed by the entire record."). We cannot "properly evaluate [Reed's claims of error] except by viewing [them] against the entire record," *Young*, 470 U.S. at 16, because Federal Rule of Criminal Procedure 52(b) "authorizes the Courts of Appeals to correct only particularly egregious errors," *id.* at 15 (citation and internal quotation marks omitted). And "[i]n reviewing criminal cases [like Reed's], it is particularly important for appellate courts to relive the whole trial imaginatively and not to extract from episodes in isolation abstract questions of evidence and procedure."

5

*Id.* at 16 (quoting *Johnson v. United States*, 318 U.S. 189, 202 (1943) (Frankfurter, J., concurring)). So we consider proceedings that both precede and postdate the errors about which Reed complains. *See Dominguez Benitez*, 542 U.S. at 77, 84–85 (identifying statements from the defendant and counsel during a status conference, "the overall strength of the Government's case[,] and any possible defenses that appear from the record" as "[r]elevant evidence" in determining whether a warning omitted from the Rule 11 colloquy made a difference to the outcome); *Vonn*, 535 U.S. at 74–76 (instructing the appellate court on remand to consider the entire record).

Reed has established errors in his indictment and at his trial that *Rehaif* made plain. *Rehaif* made clear that the government must prove that a defendant knew of his prohibited status when he possessed a firearm or ammunition. 139 S. Ct. at 2194, 2200. The government concedes that plain error occurred when Reed's indictment failed to allege that he knew he was a felon and when the jury was not instructed to find that Reed knew he was a felon. And, as Reed argues, error occurred when the government was not required to prove that Reed knew he was a felon.

Nevertheless, Reed cannot "show a reasonable probability that, but for the error[s], the outcome of [his trial] would have been different." *Molina-Martinez*, 136 S. Ct. at 1343 (citation and internal quotation marks omitted). When Reed

6

possessed the firearm, he had been convicted of eight felony convictions in a Florida court. *See Dominguez Benitez*, 542 U.S. at 84–85. And the jury could have inferred that Reed knew he was a felon from his stipulation and from his testimony that he *knew* he was not supposed to have a gun. Reed also admitted at sentencing that he had served a minimum of 18 years in prison before being arrested for possessing the firearm. *See United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) ("It is the law of this circuit that a failure to object to allegations of fact in a PSI admits those facts for sentencing purposes."). Because the record establishes that Reed knew he was a felon, he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial.

## IV. CONCLUSION

We **AFFIRM** Reed's conviction.