[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11754
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00312-TFM-MU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN WILLIS JONES, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(January 28, 2020)


Before MARTIN, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

John Jones, Jr. appeals his conviction and 57-month sentence for possessing a firearm as a convicted felon. Jones asserts his conviction should be vacated because the indictment failed to allege, and the district court failed to determine at the plea colloquy, whether Jones knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year when he possessed the firearm, which is an element of a 18 U.S.C. § 922(g) offense. Jones also contends the district court erred in applying a four-level sentencing enhancement on the ground he possessed the firearm in connection with another felony offense and that his 57-month sentence is substantively unreasonable. After review, we affirm Jones' conviction and sentence.

## I. CONVICTION

Issues raised for the first time on appeal are reviewed for plain error. *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018). Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). To show plain error in a plea colloquy, the defendant must show a reasonable probability that, but for the error, he would not have entered the plea. *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Before *Rehaif v. United States*, 139 S. Ct. 2191 (2019), a conviction under § 922(g) required proof that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was prohibited by one of the grounds in § 922(g) from possessing a firearm or ammunition; and (3) the firearm or ammunition affected interstate commerce. *See United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008). In *Rehaif*, the Supreme Court reversed a defendant's conviction after a jury trial under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because the district court instructed the jury it did not need to find that he knew he was in the country unlawfully. 139 S. Ct. at 2195. The Supreme Court held "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200. The Supreme Court "express[ed] no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here." *Id.*

In *United States v. Reed*, 941 F.3d 1018 (11th Cir. 2019), the defendant Reed was convicted of possessing a firearm as a felon under § 922(g)(1), and we affirmed his conviction on appeal. *Id.* at 1019. We then reconsidered Reed's appeal after remand from the U.S. Supreme Court after *Rehaif*. *Id.* We

acknowledged the failure of the indictment to allege he had knowledge of his status, the fact the government was not required to prove his knowledge, and the lack of an instruction that the jury was required to find he had such knowledge were indeed plain errors under *Rehaif*.  *Id*. at 1021.

But we concluded that he could not show a reasonable probability the outcome of his trial would have been different had the knowledge requirement been included.  *Id*.  Specifically, we noted that: (1) Reed had been convicted of 8 felonies in state court at the time of his arrest for firearm possession; (2) Reed stipulated prior to trial that he had previously been convicted of a felony and had never had his right to possess a firearm restored; (3) Reed acknowledged during his trial testimony that he knew he was not supposed to have a gun; and (4) the presentence investigation report stated that he had been incarcerated for 18 years prior to the firearm possession, which Reed did not dispute.  *Id*. at 1021-22.  We held because the record established Reed knew he was a felon, he failed to show the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial.  *Id*. at 1022.

Because Jones is arguing his conviction should be vacated under *Rehaif* for the first time on appeal, we review his arguments for plain error only.  *See Presendieu*, 880 F.3d at 1237.  Similar to *Reed*, Jones cannot satisfy the third prong of the plain error test.  The failure of Jones' indictment to allege Jones knew

4

he was a convicted felon when he possessed the firearm and the failure of the court to require the knowledge element be admitted during the plea colloquy for a § 922(g)(1) charge constituted plain error. *Reed*, 941 F.3d at 1021. While this case involves a conviction from a guilty plea rather than a jury trial like *Reed*, Jones likewise cannot show a reasonable probability of a different outcome if the Government was required to prove the knowledge requirement. Like in *Reed*, Jones did not object to the fact listed in the PSI that he had two prior felony convictions that resulted in sentences for over a year in prison. *See id.* at 1022. Nor did he object to the fact in the PSI that he told police after his arrest that he knew he was not supposed to have a gun. *See id.* Jones also confirmed under oath during the plea colloquy that he was convicted of possession of marijuana in the first degree in 2018, which is a felony. Because the facts in the record, taken together, show Jones knew of his status as a felon at the time of the possession of the firearm, he cannot show that he would not have pled guilty if the knowledge requirement in *Rehaif* had to be proven. Jones cannot satisfy the requirement to show the plain error affected his substantial rights. *See id.* We affirm Jones' conviction.

## II.  SENTENCE

We have held an error in calculating a defendant's Guidelines range is not grounds for remand when the district court explicitly stated that, even if it

miscalculated the range, it would have imposed the same sentence, provided the ultimate sentence is substantively reasonable.  *See United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006).  In determining whether a sentence is reasonable, we assume the alleged Guidelines calculation error occurred, adjust the Guidelines range accordingly, and then ask whether the sentence imposed is reasonable under the 18 U.S.C. § 3553(a) factors.  *Id.* at 1349.  It is the defendant's burden to prove the unreasonableness of his sentence in light of the record and § 3553(a).  *Id.* at 1350.

We review the substantive reasonableness of a sentence, whether within or outside the Guidelines range, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007).  Sentences outside the Guidelines range are not presumptively unreasonable.  *Id.*  The district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotations omitted).  Along with the § 3553(a) factors, the district court should also consider the particularized facts of the case and the Guidelines range.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1259-60 (11th Cir. 2015).  However, it maintains discretion to give heavier weight to any of the § 3553(a) factors or combination of

6

factors than to the Guidelines range. *Id.* at 1259.   Upward variances are imposed based upon the § 3553(a) factors. *See, e.g.*, *United States v. Overstreet*, 713 F.3d 627, 637-38 (11th Cir. 2013).

It is unnecessary to consider whether the application of the increase under § 2K2.1(b)(6)(B)[1] was an error because the district court stated it would have imposed a sentence of 57 months' imprisonment even without the 4-level increase. Thus, we must only determine if the sentence the court ultimately imposed was substantively reasonable. *See Keene*, 470 F.3d at 1348-49.

Assuming the increase under § 2K2.1(b)(6)(B) was imposed in error, the applicable Guidelines range would have been 31-46 months' imprisonment, making 57 months an upward variance of 11 months above the high end of the Guidelines range.  The 57-month sentence with an upward variance is substantively reasonable.  The district court heard and considered Jones' argument regarding his personal hardships, his consistent employment, and his role as a caretaker to his ailing mother, as well as the Government's argument the fact that Jones discharged the firearm at another person warranted a sentence higher than the low end of the Guidelines range.  The district court stated that it based its sentence on Jones' extensive criminal history in addition to the other § 3553(a)

---

[1]   A four-level enhancement applies to a defendant convicted of being a felon in possession of a firearm where the defendant used or possessed a firearm or ammunition "in connection with" another felony offense.  U.S.S.G. § 2K2.1(b)(6)(B).

factors and all of the facts of the offense. Jones' criminal history included 6 convictions and 9 other arrests, outside of the offenses which were used in calculating his criminal history score in the PSI, showing a consistent history of arrest and conviction over a span of 30 years. The district court was permitted to weigh his criminal history heavier than the factors cited by Jones, such as his personal history and his role as his mother's caretaker. *See Rosales-Bruno*, 789 F.3d at 1259. The court also stated it found the Guidelines range to adequately address the seriousness of the offense and the sentencing objectives of punishment, deterrence and incapacitation. The court had discretion to give weight to the seriousness of Jones' offense, which was not a typical § 922(g) offense because he did not merely possess the firearm, but used it in an attempt to harm others. Therefore, the 57-month sentence was substantively reasonable even without the 4-level enhancement, and any error in applying the enhancement was harmless.

The sentence of 57 months' imprisonment under the Guidelines range as calculated was substantively reasonable for the same reasons, including Jones' extensive criminal history and the circumstances of the offense in which he discharged a firearm at another person. Further, the sentence was within the Guidelines range and well below the statutory maximum of ten years' imprisonment, both of which indicate reasonableness. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014) (stating we do not apply a presumption of

8

reasonableness to sentences within the Guidelines range, but we ordinarily expect such a sentence to be reasonable, and that a sentence below the statutory maximum is another indicator of a reasonable sentence).  Accordingly, we affirm Jones' sentence.

**AFFIRMED.**