[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13710
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20387-DPG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARRY GRACE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 2, 2020)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

The government moves us to modify our January 16, 2020, opinion, which

affirmed Garry Grace's conviction for being a felon in possession of a firearm and

ammunition. 18 U.S.C. §§ 922(g)(1), 924(e)(1). We GRANT the motion, and we VACATE and WITHDRAW our earlier opinion and substitute the following revised opinion.

Grace appeals his conviction for possessing a firearm and ammunition as a felon. *Id.* §§ 922(g)(1), 924(e)(1). Grace seeks to vacate his conviction based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which the Supreme Court decided while his appeal was pending. Grace argues, based on *Rehaif*, that plain error occurred because his indictment failed to allege he knew he was a felon and that the omission stripped the district court of power to adjudicate his criminal case. Because the defect in Grace's indictment did not affect the jurisdiction of the district court or Grace's substantial rights, we affirm.

A grand jury charged Grace with "knowingly possess[ing] a firearm and ammunition in and affecting interstate and foreign commerce . . . [after] having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, . . . in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1)." Before trial, Grace stipulated that, "on September 14, 2013, [he] was not lawfully permitted to possess a firearm or ammunition under federal law" because he previously "had been convicted in a Florida court of a crime punishable by imprisonment for a term in excess of one year" and his "rights

2

to possess a firearm or ammunition ha[d] not been restored . . . ." Grace proceeded to trial and the jury found him guilty of being a felon in possession.

Grace's presentence investigation report classified him as an armed career criminal and recommended that he receive the minimum statutory sentence of imprisonment. *See* 18 U.S.C. § 924(e)(1). The presentence report counted as predicate offenses Grace's convictions in June 2001 of selling, manufacturing, or delivering both cocaine and marijuana and in November 2003—in two separate cases—of selling, manufacturing, or delivering cocaine and possessing marijuana and of attempted armed robbery, attempted carjacking, aggravated battery with great bodily harm using a firearm, and burglary with assault or armed battery. The presentence report stated that Grace had served two concurrent sentences of 84 months in prison for his latter crimes.

Grace did not object to the presentence report, and the district court adopted its findings and recommendations. The district court sentenced Grace to 180 months of imprisonment.

Because Grace never objected to the sufficiency of his indictment, we review for plain error. *See United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019). Under that standard, Grace must prove an error occurred that was plain and that affected his substantial rights. *See id.* at 1021. "And because relief on plain-error review is in the discretion of the reviewing court, [Grace] has the further

3

burden to persuade [us] that the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Vonn*, 535 U.S. 55, 63 (2002) (alteration adopted) (internal quotation marks omitted).

Grace established an error in his indictment that *Rehaif* made plain. *Rehaif* made clear that a defendant's knowledge of his status as a felon is an element of the crime of being a felon in possession of a firearm and ammunition. 139 S. Ct. at 2200; *see Reed*, 941 F.3d at 1021. And Grace's indictment failed to allege that he knew he was a felon.

The error in Grace's indictment did not affect the jurisdiction of the district court to adjudicate Grace's case. Jurisdiction concerns "the courts' statutory or constitutional power to adjudicate the case." *United States v. Cotton*, 535 U.S. 625, 630 (2002) (emphasis omitted) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). Because Congress empowered district courts to try "all offenses against the laws of the United States," 18 U.S.C. § 3231, "all that matter[s] for purposes of the district court's subject-matter jurisdiction [is] that the United States file[] an indictment charging [the defendant] with violating 'laws of the United States,'" *United States v. Brown*, 752 F.3d 1344, 1348 (11th Cir. 2014) (alteration adopted) (internal quotation marks omitted). "So long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code," the district court has power to hear the criminal case. *Id.* at 1354. A

4

district court lacks jurisdiction only if the indictment "charg[es] (1) a crime that simply d[oes] not exist in the United States Code, . . . (2) conduct that . . . [is not prohibited by the] statute, . . . [or] (3) a violation of a regulation that [is] not intended to be a 'law' for purposes of criminal liability . . . ." *Id.* at 1353 (internal citations omitted). The omission of an element of a crime makes the indictment defective, but that defect "do[es] not deprive a court of its power to adjudicate [the] case." *Cotton*, 535 U.S. at 630; *see Brown*, 752 F.3d at 1350–51, 1353–54.

Grace's indictment vested jurisdiction in the district court. The indictment charged Grace with violating a law of the United States, 18 U.S.C. § 922(g)(1), which empowered the district court to hear his case. Grace's indictment parroted the language of the statute by alleging that, on a specific date, he was a felon in possession of a firearm and ammunition that had a connection to interstate commerce. *Id.* That Grace's indictment failed to allege that he knew he was a felon prohibited from possessing firearms did "not affect the jurisdiction of the [district court] to determine the case presented by [his] indictment." *See Cotton*, 535 U.S. at 631 (quoting *United States v. Williams*, 341 U.S. 58, 66 (1951)). In the words of the Court in *Cotton*, we are "[f]reed from the view that indictment omissions deprive a court of jurisdiction . . . ." *Id.* at 631.

Grace is not entitled to a vacatur of his conviction because he cannot prove that the error in his indictment affected his substantial rights. He cannot "show a

5

reasonable probability that, but for the error, the outcome of [his] proceeding would have been different," *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016), in the light of "the whole record," *Vonn*, 535 U.S. at 59. *See Reed*, 941 F.3d at 1021. Grace's indictment "contained enough factual detail to apprise [him] of the conduct for which he would be tried" even though "it did not expressly allege mens rea" concerning his status as a felon. *See United States v. Gray*, 260 F.3d 1267, 1283 (11th Cir. 2001). Grace stipulated before trial that he was a felon and admitted at sentencing that he had been convicted of eight felony offenses and had served seven years in prison. *See United States v. Harris*, 941 F.3d 1048, 1053 (11th Cir. 2019) (observing the defendant "waived any objections and effectively admitted to the recited facts for sentencing purposes" by failing to dispute the contents of his presentence report). So Grace cannot prove that he was prejudiced by the error in his indictment or that the error affected the fairness, integrity, or public reputation of his trial.

We **AFFIRM** Grace's conviction.