[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10140
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20582-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAKEEM ASAAD DAVIS,
a.k.a. Poo Poo,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 20, 2020)

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before ROSENBAUM, MARCUS, and JULIE CARNES, Circuit Judges.

PER CURIAM:

This appeal returns to us on remand from the Supreme Court of the United States. After we affirmed Davis's conviction and sentence for unlawfully possessing a firearm and ammunition after a felony conviction, *United States v. Davis*, 777 F. App'x 360 (11th Cir. 2019), the Supreme Court issued its decision in *Rehaif v. United States*, 588 U.S. —, 139 S. Ct. 2191 (2019). The Court then granted Davis's petition, vacated our judgment, and remanded his appeal for further consideration in light of *Rehaif*. For the reasons that follow, we conclude that Davis is not entitled to relief from his conviction based on *Rehaif*. We therefore affirm his conviction.

## I.

Davis's indictment alleged that he, "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and (2)." Davis pled not guilty and proceeded to trial.

At trial, the government introduced stipulations stating that Davis previously had been convicted of two felony offenses, including a conviction for "the felony offense of knowingly possessing a firearm after having been convicted of a felony." After both parties rested, the district court instructed the jury that in order to return a verdict of guilty, it had to find beyond a reasonable doubt that Davis "knowingly possessed" a firearm or ammunition and that he "had been convicted of a felony,

2

which is a crime punishable by imprisonment of more than one year." The jury returned a guilty verdict.

Davis raised no objections to his presentence investigation report ("PSR"). The PSR reported that Davis had several prior felony convictions, including a conviction for possessing a firearm as a convicted felon. It appears that the longest period Davis served in custody for these offenses was 366 days in jail, only three days of which occurred after sentencing, with the remainder credited as time served.

The district court sentenced Davis to 100 months in prison. Davis appealed, arguing that the court erred in these three ways: (1) denying without inquiry his pre-trial motion for substitution of counsel; (2) failing to instruct the jury that it was required to reach unanimity as which firearm Davis possessed; and (3) failing to follow proper procedures at sentencing. We affirmed Davis's conviction and sentence, *see Davis*, 777 F. App'x at 368, and then denied his petition for rehearing.

After *Rehaif* was decided, Davis petitioned for a writ of certiorari. The Supreme Court granted the petition, vacated the judgment, and remanded this case for further consideration in light of *Rehaif*. We asked the parties to file supplemental briefs addressing *Rehaif*'s impact on this appeal. Davis requests that we vacate his conviction because *Rehaif* made plain that errors occurred when his indictment failed to allege, his jury was not instructed to find, and the government did not prove that he knew he was a felon when he possessed the firearm. The government

3

responds that we should affirm because Davis has not established that these errors affected his substantial rights.

## II.

In *Rehaif*, the Supreme Court held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. In so holding, *Rehaif* abrogated *United States v. Jackson*, 120 F.3d 1226, 1229 (11th Cir. 1997), which held that a defendant's knowledge of his status as a convicted felon was not an element of § 922(g)(1).

"We review for plain error [Davis's] new challenges to his indictment, the jury instructions, and the sufficiency of the evidence[]" based on *Rehaif*. *United States v. Reed*, 941 F.3d 1018, 1020 (11th Cir. 2019) (citations omitted); *see United States v. Moore*, — F.3d —, 2020 WL 1527975, at *12 (11th Cir. March 31, 2020) (reviewing materially identical arguments for plain error). To obtain relief, Davis "must prove that an error occurred that was both plain and that affected his substantial rights." *Reed*, 941 F.3d at 1021. If he does so, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

4

We may consult the whole record to determine whether the effect affects substantial rights. *Id.* ("[W]e consider proceedings that both precede and postdate the errors about which [the defendant] complaints."). An error affects substantial rights if there is a "reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 578 U.S. —, 136 S. Ct. 1338, 1343 (2016) (citation and quotation marks omitted). If the record clearly establishes that the defendant knew of his status as a felon, he cannot show that his substantial rights were affected. *See Moore*, 2020 WL 1527975, at *12 (holding that *Rehaif* errors did not affect substantial rights because "the record clearly establishes that both Appellants knew they were felons"); *Reed*, 941 F.3d at 1022 ("Because the record establishes that Reed knew he was a felon, he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial.").

Davis has established errors in his indictment and at his trial that *Rehaif*, which applies in this direct appeal, made plain.[1] *See Johnson v. United States*, 520 U.S. 461, 468 (1997) ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of

---

[1] To the extent Davis argues that the defective indictment deprived the district court of subject-matter jurisdiction over his case, that argument is foreclosed by *Moore*. *See Moore*, 2020 WL 1527975, at *11 ("[T]he omission of an element in an indictment does not deprive the district court of subject matter jurisdiction.).

appellate consideration."). Specifically, *Rehaif* made clear that the government must prove that a defendant knew he belonged to the relevant category of persons—here, those with a prior felony conviction—that § 922(g) prohibits from possessing a firearm. Because the indictment did not allege, the government was not required to prove, and the jury was not instructed to find that Davis knew he was a felon, these were errors that are plain under *Rehaif*.

Nevertheless, Davis has not demonstrated a reasonable probability that, but for the errors, the outcome of the proceeding could have been different. *See Molina-Martinez*, 136 S. Ct. at 1343. When Davis possessed the firearm, he had been convicted of at least two felony convictions in a Florida court. While the PSR indicates that most of Davis's prior sentences were for terms of less than one year, he cannot plausibly claim ignorance of his status as a felon because, as he stipulated at trial, he previously had been convicted of "the felony offense of knowingly possessing a firearm after having been convicted of a felony." That conviction, along with his other criminal history, clearly establishes that Davis knew he was a felon when he possessed a firearm. "Because the record establishes that [Davis] knew he was a felon, he cannot prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial." *Reed*, 941 F.3d at 1022.

For these reasons, we affirm Davis's conviction in light of *Rehaif*, and we reinstate our previous opinion in this case.

**AFFIRMED.**