[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11869
Non-Argument Calendar

_____

D.C. Docket No. 3:17-cr-00481-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMAL AIKEEM HUTCHINSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 1, 2020)

Before WILSON, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jamal Hutchinson appeals his conviction and 120-month sentence after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2).  Briefly stated, Hutchinson contends his conviction should be vacated in the light of the Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).  No reversible error has been shown; we affirm.

I.

On appeal, Hutchinson first contends his indictment was defective because the indictment (1) failed to allege that Hutchinson knew he was a convicted felon when he possessed the firearm -- an essential element of a section 922(g) offense as recognized by the Supreme Court in Rehaif, and (2) failed to cite to 18 U.S.C. § 924(a)(2).  Hutchinson contends his indictment contains a jurisdictional defect warranting de novo review.

Hutchinson's challenge to his indictment is foreclosed by this Court's binding precedent.  That Hutchinson's indictment is defective for having omitted

the knowledge-of-status element recognized in <u>Rehaif</u> is undisputed.[1]  We have concluded, however, that an indictment's failure to allege the knowledge-of-status element or to cite to section 924(a)(2), constitutes a defect that is non-jurisdictional.  <u>See United States v. Moore</u>, 954 F.3d 1322, 1336-37 (11th Cir. 2020).  By entering an unconditional guilty plea, Hutchinson has waived all non-jurisdictional defects in his indictment.  <u>See United States v. Brown</u>, 752 F.3d 1344, 1347 (11th Cir. 2014).

II.

Hutchinson next contends that his guilty plea was unknowing and involuntary because, at the plea colloquy, the magistrate judge failed to advise Hutchinson that the government was required to prove beyond a reasonable doubt that Hutchinson knew he was a convicted felon when he possessed the firearm.[2]

---

[1] The indictment in this case alleged that Hutchinson, "having been previously convicted in a court of a crime punishable by imprisonment for a term in excess of one year . . . did knowingly possess a firearm and ammunition that traveled in and affected interstate commerce," in violation of 18 U.S.C. § 922(g)(1).  The indictment listed four prior Alabama felony convictions: burglary, promoting prison contraband, and two theft convictions.

[2] Hutchinson also seeks to challenge the sufficiency of the factual basis for his plea.  Hutchinson first raised this issue in his reply brief; that issue is thus not properly before us in this appeal. <u>See United States v. Oakley</u>, 744 F.2d 1553, 1556 (11th Cir. 1984) ("Arguments raised for the first time in a reply brief are not properly before the reviewing court.").

Because Hutchinson challenges the voluntariness of his plea for the first time on appeal, we review this issue only for plain error.  See United States v. Moriarty, 429 F.3d 1012, 1018 (11th Cir. 2005) (when not raised in the district court, both constitutional objections to a plea and objections based on Fed. R. Crim. P. 11 are subject to plain error review); see also United States v. Reed, 941 F.3d 1018, 1020 (11th Cir. 2019) (reviewing a newly-available Rehaif argument for plain error).

"To establish plain error, a defendant must show there is (1) error, (2) that is plain, and (3) that affects substantial rights."  Moriarty, 429 F.3d at 1019.  To show that a plain error affected substantial rights in the context of a guilty plea, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea."  See United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004).  We may consider the entire record in determining whether an error affected a defendant's substantial rights.  United States v. Vonn, 535 U.S. 55, 59 (2002).

That an error occurred during Hutchinson's plea colloquy and that the error was made plain by Rehaif is undisputed.  Thus, we address only whether Hutchinson has satisfied his burden of showing that the error affected his substantial rights.  We conclude that he has not.

4

The record sufficiently evidences that Hutchinson was aware of his status as a convicted felon when he possessed the firearm.  According to the undisputed facts in the Presentence Investigation Report, Hutchinson had four prior felony convictions -- each of which resulted in a sentence exceeding one year.  Hutchinson also testified at the plea colloquy that he had been convicted of at least one of the four felonies listed in the indictment.  Cf. Reed, 941 F.3d at 1021 (concluding the record established adequately that defendant knew of his convicted-felon status given defendant's 8 prior felony convictions, defendant's testimony that he "knew" he was not supposed to have a gun, and that defendant had served 18 years in prison before his arrest for possessing a firearm).  We also note that Hutchinson never claims on appeal that he was actually unaware he was a convicted felon when he possessed the firearm.

On this record, Hutchinson cannot demonstrate -- nor does he contend -- that he would not have pleaded guilty but for the magistrate judge's failure to advise him of the knowledge-of-status element.  Moreover, Hutchinson did benefit from his decision to plead guilty: in exchange for Hutchinson's guilty plea for being a felon in possession of a firearm, the government moved to dismiss Counts 1 and 2 of the indictment (charging Hutchinson with Hobbs Act Robbery and with brandishing a firearm during a crime of violence).

AFFIRMED.