[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11933
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00429-SDM-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SABASTION PASCAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2020)

Before JORDAN, NEWSOM and MARCUS, Circuit Judges.

PER CURIAM:

Sabastion Pascal appeals his conviction for possession of a firearm by a

convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  On appeal, Pascal

argues that his conviction should be vacated because the indictment failed to allege,

and the magistrate judge failed to ascertain at the plea colloquy, whether he knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year when he possessed the firearm, which is an element of a § 922(g) offense.  After careful review, we affirm.

Normally, whether an indictment sufficiently alleges a statutorily proscribed offense is a question of law we review de novo.  United States v. Steele, 178 F.3d 1230, 1233 (11th Cir. 1999).  And preserved challenges based on Fed. R. Crim. P. 11 are reviewed for harmless error.  See United States v. Vonn, 535 U.S. 55, 58 (2002).  However, challenges to the sufficiency of an indictment or Rule 11 challenges raised for the first time on appeal are reviewed for plain error.  See, e.g., United States v. Presendieu, 880 F.3d 1228, 1237 (11th Cir. 2018).

To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights.  United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007).  If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Id.  An error is plain if it is obvious and clear under current law.  United States v. Lange, 862 F.3d 1290, 1296 (11th Cir. 2017).  But there can be no plain error absent precedent from us or the Supreme Court directly resolving the issue.  Id.  To show the error affected the defendant's substantial rights, he must show a reasonable probability that without the error the

2

outcome of the proceeding would have been different.  Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016).  Under plain-error review, we may consult portions of the record outside of the plea hearing transcript to determine if plea colloquy errors are harmless.  Vonn, 535 U.S. at 74-75.

An indictment is sufficient if it presents the essential elements of the charged offense, notifies the accused of the charges to be defended against, and enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.  Steele, 178 F.3d at 1233-34.  If the indictment charges a violation of a valid federal statute, it alleges an offense against the laws of the United States and, therefore, invokes the district court's subject-matter jurisdiction.  United States v. Brown, 752 F.3d 1344, 1354 (11th Cir. 2014).  An indictment's failure to allege a necessary element of mens rea is a non-jurisdictional defect that can be waived.  Id. at 1347-54.  A guilty plea admits all the elements of a formal criminal charge and therefore waives all non-jurisdictional defects in the proceedings against the defendant.  Id. at 1347.

During the plea colloquy, the district court must inform the defendant of, and determine that the defendant understands, the nature of each charge to which the defendant is pleading.  Fed. R. Crim. P. 11(b)(1)(G).  Before entering judgment on a guilty plea, the district court must determine that there is a factual basis for the plea.  Id. 11(b)(3).  To show plain error in a plea colloquy, the defendant must show

3

a reasonable probability that, but for the error, he would not have entered the plea. United States v. Dominguez Benitez, 542 U.S. 74, 76 (2004).

Before Rehaif v. United States, a conviction under 18 U.S.C. § 922(g)(1) required proof that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was previously convicted of an offense punishable by a term of imprisonment over one year; and (3) the firearm or ammunition affected interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).

In Rehaif, the Supreme Court reversed a defendant's conviction after a jury trial under § 922(g)(5)(A), which prohibits possession of a firearm by an unlawful alien, because the district court instructed the jury that it did not need to find that he knew he was in the country unlawfully. 139 S. Ct. 2191, 2195 (2019). The Supreme Court held that in prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove that he knew of his status as a person prohibited from possessing a firearm at the time of possession. Id. at 2200. The Supreme Court gave examples of defendants who might not know of their status, including "a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is punishable by imprisonment for a term exceeding one year." Id. at 2198 (quotations and emphasis omitted). The Supreme Court did not express what exactly the government must prove to establish knowledge of status concerning other § 922(g) provisions that were not at issue. Id.

4

at 2200. The Supreme Court also expressed doubt that proving this element would be burdensome for the government, noting that circumstantial evidence could be used to infer knowledge. Id. at 2198.

In United States v. Reed, the defendant was convicted after a jury trial of possessing a firearm as a felon under § 922(g)(1), and we affirmed his conviction on appeal. 941 F.3d 1018, 1019-20 (11th Cir. 2019). We then reconsidered the appeal after remand from the United States Supreme Court in light of Rehaif. Id. at 1019. We acknowledged that the failure of the indictment to allege that he had knowledge of his status, the fact that the government was not required to prove his knowledge, and the lack of an instruction that the jury was required to find that he had such knowledge were indeed plain errors under Rehaif. Id. at 1021.

But we concluded that he could not show a reasonable probability that the outcome of his trial would have been different had the knowledge requirement been included. Id. Specifically, we noted that: (1) the defendant had been convicted of 8 felonies in state court at the time of his arrest for firearm possession; (2) he stipulated prior to trial that he had previously been convicted of a felony and had never had his right to possess a firearm restored; (3) he acknowledged during his trial testimony that he knew he was not supposed to have a gun; and (4) the presentence investigation report stated that he had been incarcerated for 18 years prior to the firearm possession, which the defendant did not dispute. Id. at 1020-22. We held

5

that because the record established that the defendant knew he was a felon, he failed to show that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial. Id. at 1022.

Here, because Pascal is arguing for the first time on appeal that his conviction should be vacated under Rehaif, we review his claim for plain error. Presendieu, 880 F.3d at 1237. We also applied plain error review in Reed, where, like here, the appellant had been convicted before Rehaif. Reed, 941 F.3d at 1020. Applying, as we must, our decision in Reed, Pascal cannot satisfy the plain error test.

For starters, we recognize that the district court's failure to require Pascal to admit the knowledge element of his § 922(g)(1) charge in his plea colloquy constituted plain error under Rehaif. Id. at 1021. Nevertheless, Pascal cannot show a reasonable probability that the outcome would have been different had the government been required to prove the knowledge requirement. Id.

As the record reveals, there is more than enough evidence to establish that Pascal knew he was a felon -- an element the Supreme Court has acknowledged is not burdensome to prove. Rehaif, 139 S. Ct. at 2198. Pascal testified at sentencing that he knew that it was unlawful for him to possess a firearm at the time of his offense. See id. at 1020, 1022. Our Court's decision in Reed emphasized that it could be inferred that the defendant knew he was a felon from his testimony that he knew he was not supposed to have a gun. 941 F.3d at 1022. Moreover, the

6

indictment in the instant case listed Pascal's three prior felony convictions and he agreed that he was convicted of at least one of the felonies listed. Pascal did not object to counsel's statement that he advised Pascal that a convicted felon should not take pictures with a gun nor to the district court's statement that he knew he should not have had the gun. Nor did Pascal object to the government's factual basis or the presentence investigation report, both of which included that he had been convicted of three felonies at the time of the offense.

Unlike the example in Rehaif of a defendant not knowing he was a convicted felon after being sentenced to probation, Pascal was not sentenced only to probation in his prior offenses. For one of his prior offenses, he was sentenced to 13 months' imprisonment. As for the other two, he was sentenced to probation, but it was revoked on both, and he received two 13-month sentences of imprisonment. While he did not serve the full amount of time, the record makes clear that his prior offenses were all punishable by more than a year in prison, he was sentenced to more than probation, he was released from prison not long before the instant offense, and, most importantly, as we've detailed, he knew he should not have had a gun.

Because the facts in the record, taken together, indicate that Pascal knew of his status as a felon at the time of his possession of the firearm, he cannot show a reasonable probability that he would not have pled guilty if the knowledge requirement in Rehaif had to be proven. Dominguez Benitez, 542 U.S. at 76.

7

Therefore, Pascal cannot satisfy the requirement to show that the plain error affected his substantial rights.  Reed, 941 F.3d at 1021-22.

Finally, as for Pascal's argument that the omission in the indictment of the knowledge element was a jurisdictional defect, we've recently rejected this argument.  United States v. Moore, 954 F.3d 1322, 1337 (11th Cir. 2020).  "Under the prior panel precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or the Supreme Court."  United States v. Vega–Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted).

**AFFIRMED**.