[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-10046
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cr-00008-TES-CHW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS VEAL,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(December 15, 2020)

Before JORDAN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Marcus Veal appeals his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On appeal, he challenges the indictment, the jury instructions, and the denial of his motion for judgment of acquittal based on *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that under § 922(g) the government must prove the defendant's knowledge of his status as a person prohibited from possessing a firearm).  Mr. Veal further argues that, even if the indictment was valid, the jury instructions constructively amended the indictment by not requiring the government to prove his knowledge of his felon status.

Mr. Veal is correct that the government was not asked to prove his knowledge of his felon status and that the jury instructions failed to properly inform the jury that his knowledge was an element of the offense, contrary to *Rehaif*, 139 S. Ct. at 2194.  But because Mr. Veal stipulated at trial to being a felon, *see* D.E. 27, fled when a trooper attempted to pull him over, *see* D.E. 74 at 29–30, and had multiple prior felony convictions for which he served more than a year in prison, *see* D.E. 47 at ¶37,  we conclude that his rights were not substantially affected by the plain error.  The "record clearly demonstrates that it would be implausible for [Mr. Veal] to not have been aware of his felony status." *United States v. McLellan*, 958 F.3d 1110, 1119 (11th Cir. 2020). Nor did the jury instructions constructively amend the

2

indictment such that he could have been convicted of a different offense. We therefore affirm.

## I

On January 21, 2017, a license plate reader alerted a Georgia state trooper that the car Mr. Veal was driving that day might have a suspended registration. *See* D.E. 74 at 27. Before the trooper could stop Mr. Veal, he drove into a Taco Bell of his own accord, at which point the trooper pulled in behind and turned on his lights to initiate a traffic stop. *See id.* at 28. Instead of staying in his car as instructed, Mr. Veal got out of his car and subsequently dropped his phone. *See id.* at 29. The trooper gave Mr. Veal permission to pick up his phone, but when Mr. Veal did so he suddenly shut his door and attempted to flee. *See id.* at 29. The trooper caught up to Mr. Veal when he slipped, and a brief struggle ensued. *See id.* at 37. As the trooper handcuffed one of Mr. Veal's arms behind his back, Mr. Veal rolled towards the officer, revealing a black firearm laying on the ground by his waist. *See id.* at 37–38. Mr. Veal was subsequently arrested and charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

At trial, Mr. Veal stipulated that the gun had a sufficient nexus with interstate commerce and that he was a felon. *See* D.E. 27. After the government rested, Mr. Veal moved for a judgment of acquittal on the ground that the government had failed

to provide "enough proof to prove beyond a reasonable doubt that he was in a possession of the firearm." D.E. 74 at 117. The district court denied the motion and Mr. Veal did not present a defense. *See id.* at 117–18.

> The jury instructions defined the elements of the § 922(g) offense as follows:
>
> The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt: (1) the Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce; and (2) before possessing the firearm, the Defendant had been convicted of a felony—a crime punishable by imprisonment for more than one year.

D.E. 75 at 33–34. The district court defined "knowingly" as "an act done voluntarily and intentionally and not because of a mistake or accident." *Id.* at 33. The court did not instruct the jury that it had to find, and that the government had to prove, that Mr. Veal knew he was a felon in order to find him guilty.

After a brief deliberation, the jury returned a guilty verdict. Before sentencing, a probation officer prepared a presentence investigation report ("PSR"), which included Mr. Veal's criminal history. *See* PSR ¶¶ 25-51. Among others, the PSR listed prior convictions for financial transaction card theft, financial transaction card fraud, and possession of cocaine. *See Id.* ¶ 37. For these crimes, Mr. Veal was sentenced to three- and four-years' imprisonment to run concurrently, with two years to be served for each. Mr. Veal served over a year in prison for these convictions. *Id.*

The district court sentenced Mr. Veal to 96 months' imprisonment followed by 3 years of supervised release. Mr. Veal never objected at trial or sentencing to his status as a felon, the jury instructions, the PSR, or the indictment. We directed counsel to file a merits brief addressing whether the indictment, jury instructions, and the denial of a judgment of acquittal constituted plain error in light of the Supreme Court's decision in *Rehaif*, and our decision in *United States v. Reed*, 941 F.3d 1018 (11th Cir. 2019).

## II

In relevant part, § 922(g) provides that it is "unlawful for any person" who has been convicted of "a crime punishable by a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." And § 924(a)(2) provides that any person who "knowingly violates" § 922(g) may be imprisoned for up to 10 years. In *Rehaif*, the Supreme Court held that, "in a prosecution under . . . § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

Ordinarily, we review *de novo* the validity of the indictment, the legal correctness of jury instructions, the sufficiency of the evidence, and the alleged constructive amendment of the indictment. *See United States v. Chalker*, 966 F.3d

5

1177, 1190 (11th Cir. 2020); *United States v. Focia*, 869 F.3d 1269, 1278, 1280 (11th Cir. 2017); *United States v. Feldman*, 931 F.3d 1245, 1253 (11th Cir. 2019). But, when a defendant asserts these challenges for the first time on appeal, we review only for plain error. *See, e.g.*, *Reed*, 941 F.3d at 1020; *United States v. Leon*, 841 F.3d 1187, 1190 (11th Cir. 2016).

Under the plain error standard, a defendant must "show that there is (1) error, (2) that is plain and (3) that affects substantial rights." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (quotation marks omitted). "If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted). To prove that an error affected his substantial rights, a defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). We must consider the entire record "when considering the effect of any error on [a defendant's] substantial rights." *Reed*, 941 F.3d at 1021 (quotation marks omitted).

We have recently considered plain error challenges to convictions under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) following the Supreme Court's clarification of the requisite mens rea in *Rehaif*. In these cases, we have held that plain error exists "when [an] indictment failed to allege that [the defendant] knew he was a felon[,] . .

6

. when the jury was not instructed to find that [the defendant] knew he was a felon[,] [a]nd . . . when the government was not required to prove that [the defendant] knew he was a felon" at trial. *Reed*, 941 F.3d at 1021. But we have explained that, even where the *Reed* elements are met, a *Rehaif* error does not affect a defendant's substantial rights if "the record clearly demonstrates that it would be implausible for the defendant to not have been aware of his felony status." *United States v. McLellan*, 958 F.3d 1110, 1119 (11th Cir. 2020).

In *Reed*, for example, we concluded that "the record establishe[d] that [the defendant] knew he was a felon" because (1) he had 8 prior felony convictions, (2) he admitted at sentencing to having served at least 18 years in prison prior to the instant offense, and (3) the jury could have inferred—from his stipulation to being a felon and his testimony that he knew that he was not supposed to have a gun—that he had knowledge of his felon status. *See Reed*, 941 F.3d at 1021-22.

Similarly, in *McLellan*, we concluded that it would be "inconceivable" that the defendant did not know of his felon status because he had (1) served approximately 10 years in prison, on and off, for multiple prior felonies, (2) served an almost 8-year long sentence previously, (3) acknowledged that he was sent to prison for 10 years at sentencing, and (4) stated at sentencing that he knew that he was not permitted to possess a firearm because of his felon status. *See McLellan*, 958 F.3d at 1119.

Here, Mr. Veal stipulated to his status as a felon at the time he possessed the firearm. He does not allege that, at the time he possessed the firearm, he was subjectively unaware of his objective status as a felon. Regardless, the government could have proved his subjective knowledge of his status because the record confirms that he had multiple felony convictions including one other for which he cumulatively served over a year. In addition, his flight provided another basis for an inference of his knowledge of his status. *See Reed*, 941 F.3d at 1022; PSR ¶¶ 25–32. Taking the record as a whole, Mr. Veal has failed to meet his high burden under plain error review to show a "reasonable probability that, but for the error[s], the outcome of the proceeding would have been different." *Molina-Martinez*, 136 S. Ct. at 1343.

Mr. Veal's challenge to the sufficiency of the indictment also fails due to his inability to establish that the error affected his substantial rights. An indictment is sufficient if it tracks the statutory language and approximately states the time and place of the alleged crime. *See id.* at 1332; *United States v. Brown*, 752 F.3d 1344, 1353 (11th Cir. 2014). An indictment whose sole defect is the failure to include the knowledge-of-felon-status requirement, without more, does not deprive the district court of its jurisdiction and so is reviewed for plain error if a challenge was not properly preserved. *See, e.g.*, *United States v. Moore*, 954 F.3d 1322, 1332 (11th Cir. 2020) (rejecting the defendant's argument that such an omission resulted in an

indictment that failed to state a crime). *Accord Reed*, 941 F.3d at 1021–1022; *McLellan*, 958 F.3d at 1118. Because the record indicates that he knew of his felon status, Mr. Veal cannot show that the error affected his substantial rights.

Finally, because we have held that the indictment and the jury instructions contained the same error of omitting the knowledge-of-felon-status requirement, there was not a constructive amendment. A "constructive amendment to the indictment occurs where the jury instructions so modify the elements of the offense charged that the defendant may have been convicted on a ground not alleged by the grand jury's indictment." *United States v. Sanders*, 668 F.3d 1298, 1309 (11ᵗʰ Cir. 2012) (quotation marks omitted). Here, both the indictment and the jury instructions improperly omitted the same element of the crime and so the jury instructions did not modify the elements of the offense charged in the indictment. Instead, Mr. Veal's challenges to the indictment and jury instructions fail under the plain-error standard because Mr. Veal has not met his high burden of showing that these errors affected his substantial rights. *See, e.g.*, *Moore*, 954 F.3d at 1337–1338; *Reed*, 941 F.3d at 1021–1022; *McLellan*, 958 F.3d at 1119.

## III

Because Mr. Veal raises his *Rehaif*-based challenges to the indictment, jury instructions, and sufficiency of the evidence for the first time on appeal, plain error

9

review applies to each of his claims.  Although there was plain error in the indictment and jury instructions, these challenges fail because the record establishes that Mr. Veal knew that he was a felon from (1) his stipulation admitting to being one and (2) his prior felony convictions for which he served more than a year in prison.  For these reasons, he has not shown how any plain error has affected his substantial rights. And his constructive amendment argument fails because the jury instructions did not alter the elements of the offense so that he could have been convicted of anything other than being a felon in possession of a firearm.

We affirm Mr. Veal's conviction.

**AFFIRMED**.