[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17119
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cr-00125-SPC-CM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEVON JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Middle District of Florida

_____

(December 23, 2020)

Before BRANCH, FAY, and EDMONDSON,

PER CURIAM:

ON REMAND FROM THE

SUPREME COURT OF THE UNITED STATES

In this appeal, we affirmed Michael Jackson's conviction and 120-month sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  See United States v. Jackson, 750 F. App'x 811 (11th Cir. 2018).  The Supreme Court has now granted certiorari, vacated our decision, and remanded the case to us for additional consideration in the light of its decision in Rehaif v. United States, 139 S. Ct. 2191 (2019).  We ordered the parties to file supplemental briefs addressing the effect of Rehaif on Jackson's conviction.  After additional review, we affirm.

On remand, Jackson contends his indictment was defective because the indictment failed to allege that Jackson knew he was a convicted felon -- an essential element of a section 922(g) offense as recognized by the Supreme Court

2

in Rehaif.  See Rehaif, 139 S. Ct. at 2200.  Jackson also challenges the sufficiency

of the evidence proving that he knew of his convicted-felon status.[*]

Because Jackson never raised these arguments in the district court, we

review the issues only for plain error.  See United States v. Reed, 941 F.3d 1018,

1020 (11th Cir. 2019) (reviewing a newly-available Rehaif argument for plain

error).  Under the plain-error standard, a defendant "must prove that an error

occurred that was both plain and that affected his substantial rights."  Id. at 1021.

"If he does so, we may, in our discretion, correct the plain error if it seriously

affects the fairness, integrity, or public reputation of judicial proceedings."  Id.

(quotations and alteration omitted).

That the omission of the knowledge-of-status element in Jackson's

indictment and at trial constituted error -- and that the error was made plain by

Rehaif -- is undisputed.  Thus, we address only whether Jackson has satisfied his

burden of showing that the error affected his substantial rights.  We conclude that

he has not.

---

[*] Jackson also contends that the indictment failed to charge -- and that the government failed to
prove -- that he knew he was prohibited from possessing firearms because of his convicted-felon
status.  In Rehaif, the Supreme Court concluded that to obtain a conviction under section 922(g),
the government must prove that the defendant knew he possessed a firearm and that he knew of
his pertinent status.  139 S. Ct. at 2194, 2200.  Nothing in the Rehaif decision requires the
showing that the defendant also knew that his status barred him from possessing a firearm; so,
Jackson can demonstrate no plain error on this issue.

To show that a plain error affected substantial rights, a defendant "must show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (quotations omitted).  We may consider the entire record in determining whether an error affected a defendant's substantial rights. Reed, 941 F.3d at 1021.

Here, the record evidences sufficiently that Jackson knew of his status as a convicted felon when he possessed the charged firearms.  Prior to trial, Jackson stipulated that -- at the time of the charged offenses -- he "had previously been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony criminal offense." Cf. Reed, 941 F.3d at 1022 (concluding that a jury could have inferred that the defendant knew he was a felon based in part on his pre-trial stipulation).  The undisputed facts in the Presentence Investigation Report also show that Jackson had four prior felony convictions incurred on three separate dates -- "powerful evidence" that Jackson knew he was a felon. See United States v. Innocent, 977 F.3d 1077, 1082 (11th Cir. 2020) (concluding that defendant failed to show that a Rehaif error affected his substantial rights when he had four prior felony convictions, noting that "[m]ost people convicted of a felony know that they are felons" and that "someone who

4

has been convicted of felonies repeatedly is especially likely to know he is a felon."). We also point out that never does Jackson claim that he was really unaware he was a convicted felon when he possessed the charged firearms.

On this record, Jackson cannot demonstrate a reasonable probability that -- but for the Rehaif error -- the outcome of the proceeding would have been different. Nor can Jackson show that the error affected the fairness, integrity, or public reputation of his trial.

AFFIRMED.