[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13809
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cr-00037-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JATAVIOUS GRISWALD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(May 27, 2020)

Before GRANT, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Jatavious Griswald appeals his conviction and sentence for possessing a firearm as a convicted felon. He argues his conviction should be vacated because in his indictment and plea colloquy the government and district court omitted the element that he knew he was a convicted felon. See Rehaif v. United States, 139 S. Ct. 2191, 2200 (2019) ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). And Griswald argues his sentence should be vacated because the district court erred in classifying his Georgia conviction for aggravated assault as a crime of violence. We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2015, law enforcement obtained and executed a search warrant of the home of a suspected drug dealer. As law enforcement neared the home, they noticed Griswald standing in the front yard next to his car. They approached him and searched his vehicle after they saw a small bag of cocaine on the car's bumper. In the trunk, they found a box containing two firearms, one of which had its serial number partially obliterated. In a statement made to law enforcement about a week later, Griswald admitted that the cocaine and guns belonged to him and that he was a convicted felon who had "just got off probation." A federal grand jury later returned an indictment against Griswald, charging him with narcotics and firearms

2

offenses.   Griswald and the government eventually reached a plea agreement. Griswald agreed to plead guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), in exchange for dismissing the other charges.

The presentence investigation report increased Griswald's offense level under U.S.S.G. § 2K2.1(a)(3)(B) because he had been previously convicted of a crime of violence—a 2009 Georgia conviction for aggravated assault.   The resulting guideline range was 87 to 108 months imprisonment.

Griswald objected to the presentence investigation report because Georgia aggravated assault did not qualify as a crime of violence under the sentencing guidelines.  The district court overruled Griswald's objection and sentenced him to 87 months in prison after considering the guideline range, the § 3553(a) sentencing factors, and "an individualized assessment of the facts presented."  The government then asked the district court whether it would have imposed the same sentence had it sustained Griswald's crime-of-violence objection.  The court stated that it would have imposed the same sentence.  Griswald asked the district court whether it would have sentenced him at the bottom of the guideline range had it sustained his crime-of-violence objection.  The district court reiterated:  "You know, if I were looking at the two possibilities as I am now, yes, I can say with 100-percent confidence that I

3

would have imposed the same sentence I have, even if the other guideline range applied." Griswald appealed his sentence.

While Griswald's appeal was pending, the Supreme Court issued its opinion in Rehaif, where it held that, in a prosecution under §§ 922(g) and 924(a)(2), "the [g]overnment must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. We asked the parties to file supplemental briefs addressing the impact, if any, of Rehaif on this appeal.

## DISCUSSION

### *Rehaif Arguments*

In his supplemental brief, Griswald contends for the first time that, in light of Rehaif, his conviction should be vacated because: (1) the indictment's failure to allege that he knew he was a felon divested the district court of subject-matter jurisdiction; (2) even if the district court had subject-matter jurisdiction, the indictment was plainly erroneous for not alleging that Griswald knew he was a convicted felon at the time he possessed the firearm; (3) his plea was involuntary because the district court failed to inform Griswald that the government had to prove that he knew he was a felon; and (4) the district court plainly erred under Federal Rule of Criminal Procedure 11 when it failed to inform him of the knowledge element.

4

The Indictment

Griswald first challenges the district court's subject matter jurisdiction and the indictment's failure to charge him with knowing he was a felon.  The indictment charged "[t]hat on or about May 21, 2015, in . . . the Middle District of Georgia, . . . Griswald, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce, firearms . . . all in violation of [18 U.S.C. §§ 922(g)(1) and 924(a)(2)]."

While the indictment did not allege that Griswald knew he was a felon, this element is not jurisdictional.  We have held that an indictment's failure to charge that the defendant knew of his felon status "does not deprive the district court of subject matter jurisdiction."  United States v. Moore, 954 F.3d 1322, 1336 (11th Cir. 2020); see also United States v. Brown, 752 F.3d 1344, 1353–54 (11th Cir. 2014) ("The omission of an element may render the indictment insufficient, but it does not strip the district court of jurisdiction over the case." (citations omitted)).  And a defendant's knowing, voluntary, and unconditional guilty plea generally waives all non-jurisdictional defects in the proceedings.  United States v. Yunis, 723 F.2d 795, 796 (11th Cir. 1984).  Because Griswald's arguments are limited to the indictment's failure to charge knowledge under §§ 922(g)(1) and 924(a)(2), and that element is not jurisdictional, he waived those arguments by pleading guilty.  Brown, 752 F.3d at 1354 ("Given that the omission in [the defendant's] indictment is not

5

jurisdictional, [the defendant] waived any challenge to her indictment [when] she entered into an unconditional guilty plea . . . .").

## The Guilty Plea

Griswald then argues that his guilty plea was involuntary because "he was convicted without an admission or finding of an essential element." He also argues that his guilty plea violated rule 11(b)(1)(G), and the requirement that he be informed of the "nature of [the] charge to which [he was] pleading," because the district court didn't tell him that the government had to prove the knowledge element.

At the plea colloquy, the district court had the government describe the elements of felon-in-possession:

> In order to prove possession of a firearm by a convicted felon the government would have to show three things; number one, that [Griswald] knowingly possessed the firearm as charged.
>
> Number two, at the time he possessed the firearm[, Griswald] had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.
>
> And number three, that the possession of the firearm was in or affecting interstate commerce or foreign commerce as well.

Griswald said that he understood that the government had to prove these elements and stipulated to the facts in the plea agreement.

Where, as here, a defendant does not challenge his guilty plea or object to a rule 11 violation in the district court, we review only for plain error. United States

6

v. Moriarty, 429 F.3d 1012, 1018–19 (11th Cir. 2005); see also United States v. Reed, 941 F.3d 1018, 1021 (11th Cir. 2019) (reviewing Rehaif claim for plain error). To establish plain error, a defendant must show that (1) there is error, (2) the error is plain, and (3) the error affects his substantial rights. Moriarty, 429 F.3d at 1019; see also Fed. R. Crim. P. 11(h) ("A variance from the requirements of this rule is harmless error if it does not affect substantial rights."). Where those three conditions are met, we may exercise our discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Moriarty, 429 F.3d at 1019 (quotation marks omitted) (alteration in original). A defendant who pleads guilty cannot prove that his substantial rights were affected unless he shows a "reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). In assessing whether an error affected Griswald's substantial rights, we "may consult the whole record." United States v. Vonn, 535 U.S. 55, 59 (2002).

Griswald has not shown that he would not have entered his guilty plea, but for the Rehaif error, because the record is clear he knew he was a convicted felon during the plea colloquy. After his arrest, Griswald confirmed to law enforcement that he was a convicted felon who had recently completed a term of probation for a felony offense. Griswald understood at the plea colloquy that, "at the time he possessed the firearm[, he] had been convicted of a crime punishable by imprisonment for a term

exceeding one year," and he stipulated in his plea agreement that he was previously convicted of three felonies under Georgia law, had just completed probation for one of those felonies, and "was a prohibited person at the time he possessed the firearms." We have held with similar facts that, despite the Rehaif error, the defendant's substantial rights were not affected. See Moore, 954 F.3d at 1338 (holding that the Rehaif error did not affect the defendants' substantial rights because "the record clearly establish[ed] that both [defendants] knew they were felons" where they, among other things, stipulated to their prior felonies); Reed, 941 F.3d at 1021–22 (rejecting the defendant's Rehaif claim because his stipulation at trial that he had been convicted of a felony offense in the past, admission on cross-examination that he knew he was not permitted to have a gun, and failure to object to the presentence investigation report's statement that he had served over eighteen years in prison prior to his arrest for possessing a firearm "establish[ed] that [the defendant] knew he was a felon [and thus could not] prove that the errors affected his substantial rights or the fairness, integrity, or public reputation of his trial").

*Sentencing*

Griswald also argues that the district court erred in finding that Georgia aggravated assault under O.C.G.A § 16-5-21(a)(2) qualified as a crime of violence under U.S.S.G. § 2K2.1(a)(3)(B). We don't need to reach the crime-of-violence issue because the district court said it would have imposed the same sentence even

8

if it had not found that Griswald's prior conviction was a crime of violence and had used the lower guideline range.

In United States v. Keene, 470 F.3d 1347 (11th Cir. 2006), we held that a guideline calculation error was harmless when (1) the district court clearly stated that it would have imposed "exactly the same sentence" regardless of the alleged error and (2) the sentence imposed was substantively reasonable even if the guideline issue had been decided in the defendant's favor. Id. at 1348–49. To determine whether a sentence is reasonable under Keene, we assume that the purported guideline calculation error occurred, adjust the guideline range, and then ask whether the sentence imposed was reasonable under the § 3553(a) factors. Id. at 1349. The defendant bears the burden of proving that his sentence was unreasonable in light of the record and the § 3553(a) factors. Id. at 1350.

Here, the district court stated with "100-percent confidence" that it would have imposed Griswald's 87-month sentence even if it had found that Georgia aggravated assault was not a crime of violence and that the 70-to-87-month guideline range applied. Our inquiry thus turns on whether Griswald's 87-month sentence would be substantively reasonable using the lower guideline range.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In evaluating the reasonableness of the sentence, we consider the totality of the

9

circumstances.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).  "A district court abuses its considerable discretion and imposes a substantively unreasonable sentence only when it '(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors.'" United States v. Rosales-Bruno, 789 F.3d 1249, 1256 (11th Cir. 2015) (quoting United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

The 87-month sentence was not substantively unreasonable, even with the lower guideline range.  First, the sentence is within the lower guideline range of 70 to 87 months, and we expect sentences within the guideline range to be reasonable.  See United States v. Stanley, 739 F.3d 633, 656 (11th Cir. 2014) ("[W]hen the district court imposes a sentence within the advisory [g]uidelines range, we ordinarily will expect that choice to be a reasonable one." (internal quotation marks omitted)).  Second, the sentence is 33 months below the 120-month statutory maximum, which also indicates to us that the sentence is reasonable.  Id. ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence.").  Third, Griswald's criminal history called for a guideline sentence.  This was the fourth time he had been convicted of a felony, having been convicted of possession of cocaine in 2008, aggravated assault for threatening and

10

striking someone with a gun in 2009, and attempting to elude police in a high-speed chase in 2010.  See Rosales-Bruno, 789 F.3d at 1261 ("District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed."); see also 18 U.S.C. § 3553(a)(1) ("The court, in determining the particular sentence to be imposed, shall consider the . . . history . . . of the defendant . . . .").  And fourth, Griswald's sentence is reasonable considering his relevant conduct during the offense.  See id. (requiring the sentencing court to also consider "the nature and circumstances of the offense").  Griswald was caught selling crack cocaine to a confidential informant and possessing two firearms (one of which was stolen and had an obliterated serial number), ammunition, cocaine, marijuana, and a scale.  In light of this conduct, the district court did not abuse its discretion by finding that the offense was serious enough that there were "no grounds for . . . varying downward."  We conclude that, even if the district court erred in calculating the sentence, it appropriately considered the 3553(a) factors, did not give significant weight to an improper or irrelevant factor, and committed no clear error of judgment in its sentencing decision.  See Rosales-Bruno, 789 F.3d at 1256.  The alleged guideline error would have been harmless under Keene.

   **AFFIRMED.**[1]

---

[1] The government's motion to dismiss the appeal is **DENIED**.