[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12266
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20967-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRON DERRAIN CROMER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 14, 2020)

Before WILSON, ANDERSON and CARNES, Circuit Judges.

PER CURIAM:

Darron Cromer pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  He entered an unconditional guilty plea, waiving all non-jurisdictional challenges to his indictment.  See United States v. Brown, 752 F.3d 1344 (11th Cir. 2014).  He now appeals his conviction and 70-month sentence.  Cromer makes two arguments on appeal.  First, he contends that his indictment was jurisdictionally defective in light of Rehaif v. United States, 139 S. Ct. 2191 (2019), because it did not allege that he knew he was a felon or reference 18 U.S.C. § 924(a)(2).  Second, he contends that his 70-month sentence is procedurally and substantively unreasonable because the district court did not adequately consider the mitigating evidence he submitted.  Because we conclude that the defect in Cromer's indictment did not strip the district court of jurisdiction and Cromer's sentence was not unreasonable, we affirm.

## I.

A grand jury charged Cromer in a one-count indictment with "knowingly possess[ing] a firearm and ammunition . . . in violation of Title 18, [U.S.C. §] 922(g)(1)" after "having been previously convicted of a crime punishable by imprisonment for a term exceeding one year."  At a change of plea hearing before the district court, Cromer entered an unconditional guilty plea to the single count in the indictment.  At that hearing, the prosecutor and defense attorney recounted several of Cromer's prior criminal convictions, including armed robbery,

2

kidnapping, possession of cocaine, and fleeing and eluding. And the district court questioned Cromer about a 1986 conviction for which he was sentenced to 30 years in prison. Cromer said he remembered the judge who sentenced him and remembered that he served 19 years and 7 months in prison.

Before Cromer's sentence proceeding, the probation office prepared a Presentence Investigation Report. The PSR included, among others, the following prior convictions: (1) a 1986 conviction for armed robbery, armed burglary, false imprisonment with a weapon, and unlawful possession of a firearm while engaged in a criminal offense, for which Cromer was sentenced to 30 years in prison; (2) a 2008 conviction for battery; (3) a 2009 conviction for petit theft; (4) 2013 and 2014 convictions for possession of cocaine; and (5) a 2017 conviction for fleeing and eluding and resisting an officer. Based on the offense level and Cromer's criminal history category, the PSR calculated an advisory guidelines range of 70 to 87 months imprisonment.

Cromer requested a downward variance, arguing that his criminal history category substantially overrepresented his criminal history because he had committed some of the crimes "when he was 18 and over 30 years ago." He did not dispute any of the facts in the PSR. The government asked for a sentence of 80 months imprisonment, based largely on Cromer's "egregious" criminal history and

the nature of Cromer's offense, which involved throwing a loaded firearm out of a car window.

At Cromer's sentence hearing, the district court noted that it was "concerned" with Cromer's conviction for armed robbery, and was "very concerned" with his conviction for kidnapping and his possession of a loaded gun. The court also expressed its "worry about [Cromer] doing . . . violent things."  It noted that, although Cromer had been given a lengthy prison sentence for his 1986 convictions, it did not think Cromer had been "over-sentenc[ed], particularly considering the actual time" Cromer served and in light of the facts of that crime.

The district court asked Cromer's attorney to "tell [it] the good things that [Cromer] has done, the charitable work, the people he has helped" since he was out of prison.  Cromer's attorney said that Cromer had been taking care of his sick mother and had started a business that had been operating for about ten years.  His attorney also argued that, even though Cromer had been convicted of several crimes since being released after his 1986 convictions, he had "never been arrested or convicted for a gun offense since that case."

After hearing from Cromer, the district court found a sentence of 70 months imprisonment — the bottom of the guidelines range — appropriate in light of the factors in 18 U.S.C. § 3553(a).  The district court noted that, given Cromer's age (51 at the time), the difference between 70 and 87 months in prison "probably

4

doesn't make any difference to anybody except [Cromer]." Cromer timely appealed.

## II.

After Cromer filed his notice of appeal, the Supreme Court held in Rehaif v. United States that a defendant's knowledge of his status as a felon is an element of the crime of being a felon in possession of a firearm. 139 S. Ct. 2191, 2200 (2019) ("[I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."). Rehaif overturned our precedent that a defendant need not know his status as a felon to be convicted of being a felon in possession of a firearm. See United States v. Reed, 941 F.3d 1018, 1021 (11th Cir. 2019).

In light of Rehaif, Cromer has established an error in his indictment. Rehaif made clear that a defendant's knowledge of his status as a felon is an element of § 922(g)(1). It was error not to allege that knowledge in the indictment. See Reed, 941 F.3d at 1021. And Cromer's indictment did not allege that he knew he was a felon. But we must still determine whether, in light of his unconditional guilty plea, Cromer is entitled to relief for that error. See Brown, 752 F.3d at 1347–48 (holding that an unconditional guilty plea waives all non-jurisdictional challenges to an indictment). He is not.

5

Cromer points to two defects in his indictment that he contends deprived the district court of jurisdiction: the indictment did not specifically allege that Cromer had knowledge of his status as a felon, and it omitted any reference to 18 U.S.C. § 924(a)(2), the penalty provision for § 922(g)(1). Neither defect deprived the district court of jurisdiction.

We review de novo a challenge to the district court's subject-matter jurisdiction. United States v. Iguaran, 821 F.3d 1335, 1336 (11th Cir. 2016). District courts have jurisdiction over "all offenses against the laws of the United States." 18 U.S.C. § 3231. In light of § 3231, the district court has jurisdiction to hear a criminal case "[s]o long as the indictment charges the defendant with violating a valid federal statute as enacted in the United States Code." Brown, 752 F.3d at 1354. An indictment that omits an element of a criminal offense is defective, but that defect "do[es] not deprive a court of its power to adjudicate [the] case." United States v. Cotton, 535 U.S. 625, 630 (2002). We have recognized jurisdictional defects in indictments that charged: a crime that does not exist in the United States Code; conduct that falls outside the sweep of the charging statute; or a violation of something, such as a regulation, that is not a law for purposes of criminal liability. Brown, 752 F.3d at 1353 (discussing cases).

Cromer's indictment, although defective, was sufficient to give the district court jurisdiction over his case. It charged Cromer with violating a law of the

6

United States: § 922(g)(1). And, even though it omitted an element — knowledge of Cromer's status as a felon — "an indictment's omission of an element of the crime does not create a jurisdictional defect." Id. at 1349.

The indictment's failure to reference to 18 U.S.C. § 924(a)(2), the penalty provision for § 922(g)(1), also did not deprive the district court of jurisdiction. Rehaif did not conclude that the knowledge-of-status element came solely from § 924(a)(2). See Rehaif, 139 S. Ct. at 2195–97 (discussing both § 922(g) and § 924(a)(2), and relying on both the language of § 924(a)(2) and "the presumption in favor of scienter" that operates "even when Congress does not specify any scienter in the statutory text" to conclude that § 922(g) requires a criminal defendant to have knowledge of his prohibited status). Cromer argues that because his indictment did not specifically reference § 924(a)(2), it charged a non-offense and deprived the district court of jurisdiction. But Cromer's indictment referenced a criminal statute, § 922(g)(1), and alleged conduct that was criminal, so the cases he relies on for this argument are inapplicable. See United States v. Izurieta, 710 F.3d 1176, 1184 (11th Cir. 2013) (holding that the indictment was jurisdictionally defective because it "d[id] not charge a crime"); United States v. Peter, 310 F.3d 709, 714 (11th Cir. 2002) (holding that the indictment was jurisdictionally defective because it alleged conduct "that, as a matter of law, was outside the sweep of the charging statute"); United States v. Meacham, 626 F.2d 503, 510 (5th

Cir. 1980) (holding that the indictment was jurisdictionally defective because it had charged "a nonoffense").[1]

The error in Cromer's indictment did not deprive the district court of jurisdiction under § 3231, so he waived his challenge to the sufficiency of his indictment by entering an unconditional guilty plea.[2]

## III.

Cromer also argues that his sentence was procedurally and substantively unreasonable. We review the reasonableness of a sentence for an abuse of discretion. United States v. Alberts, 859 F.3d 979, 985 (11th Cir. 2017). In determining whether a sentence is procedurally reasonable, we must "ensure that the district court committed no significant procedural error" at sentencing, such as failing to consider the 18 U.S.C. § 3553(a) factors. Gall v. United States, 552 U.S. 38, 51 (2007). And we review substantive reasonableness in light of the totality of

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[2] Even if Cromer had not waived his challenge to the indictment, he would still not be entitled to relief. Because Cromer never raised this challenge in the district court, we would review for plain error. See United States v. Reed, 941 F.3d 1018, 1021 (11th Cir. 2019). To prevail, Cromer would have to show "that an error occurred that was both plain and that affected his substantial rights." Id. To show that his substantial rights were affected, he would have to "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." Molina-Martinez v. United States, 136 S. Ct. 1338, 1343 (2016) (quotation marks omitted). But he can't make that showing because the record is clear that he knew he was a felon when he possessed the firearm and ammunition at issue. See Reed, 941 F.3d at 1022 ("Because the record establishes that Reed knew he was a felon, he cannot prove that the errors affected his substantial rights . . . .").

the circumstances and the purposes of 18 U.S.C. § 3553(a). <u>Alberts</u>, 859 F.3d at 985. A sentencing court abuses its discretion only when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." <u>United States v. Irey</u>, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted). We ordinarily expect a sentence imposed within the guidelines range to be reasonable. <u>United States v. Croteau</u>, 819 F.3d 1293, 1309–10 (11th Cir. 2016).

Cromer's sentence is procedurally and substantively reasonable.

As to procedural reasonableness, the district court sufficiently considered the § 3553(a) factors, including Cromer's history and characteristics. It specifically asked Cromer's counsel to address "the good things that [Cromer] has done, the charitable work, the people he has helped" since he was out of prison. It also addressed Cromer's argument for leniency based on the lengthy sentence he had served for his armed robbery conviction, but found that Cromer's earlier sentence was not "over-sentencing, particularly considering the actual time that [Cromer] did." The court acknowledged Cromer's criminal history, noted its concern with his robbery and kidnapping convictions, and expressed "worry about [Cromer] doing . . . violent things." These statements show that the district court "listened to each argument. . . . [and] considered the supporting evidence." <u>Rita v. United</u>

9

<u>States</u>, 551 U.S. 338, 358 (2007).  Cromer's sentence was not procedurally unreasonable.

As to substantive unreasonableness, Cromer was sentenced within the guidelines range, and identifies nothing that defeats our ordinary expectation that such a sentence is reasonable.  See <u>Croteau</u>, 819 F.3d at 1309–10.  The district court pointed to Cromer's lengthy criminal history, which involved several violent offenses, and the seriousness of Cromer's crime as supporting a sentence within the guidelines range.  But the court also took into account Cromer's personal characteristics, including his age, to conclude that a sentence at the bottom of the guidelines range was appropriate.  As a result, Cromer's sentence was not substantively unreasonable.

**AFFIRMED.**